Lipscomb, J
The judgment of the District Court is attempted to he sustained on the ground that the appellant ought to have appealed from the judgment of the Probate Court on the final settlement with the administrator. This probably was the view taken by the District Court on the trial. But under the circumstances of this case the correctness of this opinion may well be questioned. It may be true that the appellant could have taken ins appeal from the order of the probate judge on the final settlement of the administrator’s accounts; and had his application to the court for payment of the debt allowed by the administrator and approved by the judge been at that time disposed of, lie ought then to have appealed. His application was not, however, decided, but postponed by the court for further consideration. It was subse *245 quently acted upon, and the amount greatly reduced by the judge from the sum allowed and placed on the tableau of acknowledged debts. The appeal was then taken, and, as it seems to me, very properly.
The first error relied on by the appellant is the order of the probate judge making a final settlement with the administrator, and the appointment of commissioners to partition and distribute the estate before the payment of his debt and pending his application for an order of the court for the payment of the same. This ground seems to be Veil taken by the appellant. And it is difficult to perceive how the judge of the Probate Court could make an order discharging the administrator, oti a final settlement of his administration, when the records of the court showed that the estate had not been settled and was not in a condition for an order of distribution. This appeared from the tableau of acknowledged debts. It appeared also from the application of the appellant for an order of payment then pending.
The next error relied on by the appellant is the order of the probate judge reducing the amount of his demand against the estate after it had been allowed by the administrator and approved by the probate judge. The approval of the account after it had been admitted by the administrator was a judicial act, a quasi judgment, and so far affected the rights of the parties as to prevent any further investigation in that court. If it had not been approved, the creditor could have sued for his demand in the District Court and obtained judgment. He could not, however, have had an execution. It would have been certified to the Probate Court, to be paid by the administrator in the due course of his administration. The claim after such judgment would have been on no better footing, nor entitled to preference over any other claim that had been admitted by the administrator, approved by the judge, and placed on the tableau of acknowledged debts. In the case before us I regard the approval of the creditor’s claim by the judge on the 28th July, 1847, as a judgment on that claim, and that it could not, so far as the creditor was concerned, at a subsequent term be questioned in that court.
The probate law, in prohibiting a suit from being brought against an administrator on any moneyed demand against his intestate,' unless such demand had been presented to the administrator authenticated by the oath of the claimant, and rejected by him or disapproved by the probate judge, and in requiring that then the suit should be brought in the District Court, shows that it was'not intended that any controverted fact as to the indebtedness or the amount should be tried in the Probate Court.
It will be seen by the record that the appellant’s claim against the estate was approved by McCain, at the time judge of the Probate Court, in July, 1847 ; that in November, 1847, DeWitt, the successor of McCain, again revised and passed upon the demand, and reduced it to forty-five dollars from one hundred and eighty-one. If Judge DeWitt was competent to revise the judgment of his predecessor, his successor could, with the same authority, revise his judgment, and thus run a round of absurdities not to be tolerated.
If an account has been admitted and allowed from ignorance of the facts or from the fraudulent representations of the holder, the remedy would be ample and appropriate, and more in harmony with our probate law, that the administrator should ask the interveution^nd aid of the District Court.
In this case I believe, the Probate Court erred in making a final settlement with and discharging the administrator, when the record falsified his return, and showed that he had not paid off a claim that had been allowed, approved, and filed. It. further erred in receiving the final account, and ordering a distribution pending the opposition made by the appellant. It erred in its last order in revising the decision of the former judge and reducing the amount of the demand of the appellant. The District Court erred in dismissing the. appeal. It should have reversed the judgment of the Probate Court and the *246 several orders made by it by closing the administration and ordering a distribution, as having been permanently made, and it should have remanded the cause. I believe the judgment of the District Court ought to be reversed and the cause remanded to the District Court to act in accordance with the opinion. And this is the unanimous opinion of the court.
Note 87. — Toliver v. Hubbell, 6 T., 166; Townsend v. Munger, 9 T., 300; Jones «.Underwood, 11 T., 116; Moore v. Hillebrant, 14 T., 312; Eecles v. Daniels, 16 T., 136; Lott «.Cloud, 23 T.f •254; Mosely v. Gray, 23 T., 496.
Note 88. — Montgomery v. Culton, 18 T., 736; Giddings v. Steele, 28 T., 732
Judgment reversed.
Wheeler, J.
It appears from the record that the case in the Probate Court upon the petition of the appellant in this court, Neill, was continued on a day of the term previous to the day on which the court proceeded to pass upon the final account of the administrator. After the continuance of his case, the party was not required to be in attendance during the remainder of the term. It does not appear nor can there be any legal presumption that he was in court, cognizant of the action of the court on the final account of the administrator. He does not appear to have liad notice, either actual or constructive, of that action. It cannot, therefore, with justice be maintained that he was hound to appeal from the judgment. The petition of the appellant presented a subject proper for the action of the Probate Court. The appeal to the District Court was taken within the time and in compliance with the terms prescribed by law, and the court manifestly erred in dismissing the appeal.