## Jones' Adm'r v. Underwood.

The doctrine that the approval by the Probate Judge, of a claim against an estate, which has been allowed by the administrator, is a judgment, (5 Tex. R. 487,) affirmed ; also that the District Court is the proper tribunal to grant relief where such judgment has been obtained by fraud or mistake.

Where a note which was barred by the statute of limitations, had been allowed by the admininistrator and approved by the Probate Judge, by mistake, and afterwards the administrator brought suit in the District Court to vacate such allowance and approval, and it appeared that there had been a subsequent, written acknowledgment of the justness of the debt, within four years from the allowance and approval of the claim, but more than four years from the time when it was brought forward, by the claimant, the Court held that equity did not demand that the consequences of the mutual mistake should be transferred from the shoulders of the plaintiff to those of the defendant ; it not being competent to restore the defendant to the same position which he would have occupied, had his claim, when first presented, been rejected, instead of allowed and approved.

Appeal from Fayette. The appellee presented to the former administrator of Jones, a promissory note against the intestate. The administrator indorsed on the note, its acceptance. It was then presented to the Probate Judge, who indorsed thereon, his approval. McFarland, the administrator

who had allowed the note as a just claim against the intestate, resigned, and another administrator *de bonis non* was appointed. Underwood, the appellee, applied to the Probate Court, for an order to the administrator, to pay the debt so allowed and approved. The administrator then filed his petition in the District Court, praying an injunction, enjoining the collection and payment of the debt, alleging in his petition, as the grounds on which an injunction was asked, that, at the time the debt was presented to the administrator, it was barred by the statute of limitations, and that the administrator had allowed it, without noticing that the note was barred by the statute, and that it in like manner escaped the notice of the Probate Judge, when he approved of the claim against the estate; that the administrator would not have allowed, nor would the Probate Judge have approved the claim, had the fact, that it was barred at the time of the presentation, been known. It was further alleged, that the said Underwood now relied upon a subsequent, written promise, made by the intestate, that would not have been barred; but it was averred that the said subsequent promise was never presented to the administrator for allowance. The injunction was granted, and on the trial, the former administrator, and the Judge of the Probate Court, both testified that they would not have allowed nor approved the claim, had they known that it was barred by limitation. The letter of the intestate, to the appellee, Underwood, was also in evidence, constituting the promise to pay. On this evidence, the case was submitted to the Judge, who dissolved the injunction and dismissed the petition. The administrator appealed, and assigned for error, the judgment of the Court in dissolving the injunction and dismissing the petition.

*Webb & Harcourt*, for appellant. The acceptance and approval were made ignorantly or under a mistake as to the facts. The administrator and Chief Justice both so testify. Equity will always relieve against an act, done under a mistake or

ignorance of the facts, which entitles the appellant to the relief sought. (1 Fonbl. Eq. B. 1, Ch. 2, Sec. 7; Pooley v. Ray, 1 P. Will. 355; Cosking v. Pratt, 1 Ves. R. 406; Hitchcock v. Giddings, 4 Price, R. 135; Leonard v. Leonard, 2 Ball & Beatt., 171; Peason v. Lord, 6 Mass. R. 81; Garland v. Salem Bank, 9 Mass. R. 408; 4 Philips Ev. 622, and authorities cited.)

The application for an injunction in this case was made under the authority of the case of Neill v. Hodge, 5 Tex. R. 487.

*Chandler, McFarland & Chandler*, for appellee.


LIPSCOMB, J. We have no doubt that if the facts, presented, stood alone, independent of the fact of the subsequent promise, the appellant would have been entitled to the relief that he sought in his petition for an injunction. The admission of an administrator, or his promise, cannot take a case out of the operation of the statute of limitations. The difficulty, and the one that made it necessary to resort to equity, in this case, arises from the fact, that it having been approved by the Probate Judge, there was no way by which this *quasi* judgment could be avoided, but by attacking it in this way. In Neill v. Hodge, adm'r, we ruled, that the approval of the Probate Judge, of a claim allowed by an administrator, was a judgment, on the claim; and that if a claim has been allowed and approved, from ignorance of the facts or fraudulent representations of the holder, the remedy of the administrator is by suit in the District Court. (5 Tex. R. 487.) We are satisfied with the ruling of this Court, in previous cases, that where a subsequent promise is relied upon to take the claim out of the statute of limitations, the subsequent promise, and not the original note, was the foundation of the subsisting debt against the estate, and that it ought to have been presented with the note, to the administrator; yet, in this case, we are bound to inquire of the equities arising, whether in favor of the administrator or the holder of the claim, and decide according to our opin-

ion of the superior equity, as it is an acknowledged rule of equity jurisprudence, that he who seeks equity must be prepared to subject himself to the obligation of rendering all that equity can require of him. There is no controversy about the fact of the creditor holding this subsequent promise, when he presented the note, the original consideration for that promise. Both parties seemed to be equally satisfied with the presentation of the note. Had it been objected to by the administrator, the creditor would, in all probability, have then presented the subsequent promise, with the note ; and if then rejected, he would have been authorized to commence suit, and not before, in the District Court. By its being allowed by the administrator, as presented, he was most likely thrown off his guard, and felt that he was secure, and there would be no defence to the debt. It is clear, from the administrator's own showing, that it was a valid and subsisting debt against the estate of his intestate, at the time the original consideration was presented ; and to now set aside the allowance and the approval of the Probate Judge, on file in the Probate Court, would have the effect to defeat a legal and just claim of the creditor, and to punish him for his ignorance, and relieve the administrator for a similar mistake. This would not be equity, and it would not place the parties in the same situation they were in when the mistake occurred. We think, therefore, that the parties should be left where they had placed themselves, and that there was no error in the judgment of the Court below ; and the same is affirmed.

Judgment affirmed.