JOHN J. CAIN v. JOHN HAAS.

There can be no doubt of the right of the defendant to put in issue the authority of the plaintiff to sue as administrator ; and to bring before the Court the proceedings of the Probate Court, to show the absence of a legal and valid appointment.

Where A, being about to die, delivered his money to B, with the request that he should pay the expenses of his last illness and his funeral expenses, and remit the balance to A's mother, which B promised to do ; and after A's

Cain v. Haas.

death, a controversy arose between B and a creditor of A as to the right to administer, which resulted in the issue of letters of administration to the creditor, from which B did not appeal ; but B being sued by the administrator to recover the money delivered to him by A, prayed a *certiorari* and revision of the action of the County Court in the appointment of the administrator, and that the suit in the meantime proceed no further; quere, whether the suit would be suspended for the purpose of making such revi·sion, or whether it would be made if a copy of all the proceedings were filed, so that the revision would involve no delay.

The administrator excepted to the answer, on the ground that the question of the right to the administration has already been adjudicated, and could not be put in issue in this suit ; the case was submitted to the Judge, without a jury, " on the record and the evidence ;" judgment for the plaintiff ; held that there was no action on the exceptions ; that they must be considered as waived, &c.

It seems that a suit cannot be sustained by an administrator (except an administrator *pro tem* appointed in conformity to the Statute) who has been appointed without notice, if the objection be properly taken by plea in abatement.

After the next of kin and the principal devisee and legatee, the Statute enjoins upon the Court the duty of appointing as administrator, such proper person as will accept and qualify ; it gives no preference to a creditor over any other suitable person.

The County Court has no authority to annex as a condition to the grant of administration to A, that he shall pay the costs of a *pro tem* appointment, or a privileged claim, or any other condition except such as are provided by law.

Appeal from Harris. Tried below before the Hon. Peter W. Gray.

On the 19th day of September, 1854, one Charles H. Howard died intestate, at the house of the appellee, in the city of Houston, leaving no children, and no relations in this State. On the next day appellee filed his petition in the County Court of Harris county, alleging that he was a large creditor of the said intestate, for boarding, washing, lodging, nursing, and other attendance, and articles furnished, during the last illness of said intestate, also for his funeral expenses, which petitioner had ordered to be made at his expense ; wherefore petitioner prayed for letters of administration, and for letters

of administration *pro tem.* for certain purposes. Same day said appellee was appointed administrator *pro tem.* of said intestate, with power to collect assets of deceased, and to present and collect claims due the deceased, upon giving bond in the sum of $2000. Bond given and oath taken same day.

On the 25th of same month, the appellant filed a protest against the appointment of the appellee, alleging that it was not necessary to appoint an administrator *pro tem.*, nor one in chief, for that there were no debts against said estate, except the debts of last sickness, which could have been paid by the undersigned, without administration, as the deceased, before his death, called upon the undersigned and placed in his possession the sum of $470 in money, and a draft on the Bank of Louisiana for $70, with a request, if he should die, to pay all his expenses, collect all his claims, and send them with the money to his mother in Baltimore ; and he further alleges that this trust he is willing now to carry out, and intends to carry it out unless prevented by judicial decision of this Court ; and he says that if administration is at all necessary, he is the proper person to have it, as it was the desire of the deceased ; he also alleges that he is more competent to discharge the duties of administrator than the said Haas ; that he is competent and able to give bond ; wherefore he prays that the letters of administration *pro tem.*, issued to said Haas, be revoked, and, if administration is necessary, that he may be appointed.

On the 27th of same month appellee filed an inventory and appraisement, consisting of wearing apparel, valued at $85 50; claim against appellant for cash $470, for a draft on Bank at New Orleans, $70 ; some papers and claims to land and pay from the United States Government, taken possession of by appellant, value unknown.

At September Term, there not having been time to make publication of the application of appellee, for letters of administration in chief, his letters *pro tem.* were continued to next Term.

At October Term, on the 3d of November, appellant amended his opposition by alleging that appellee was at the time of his application and still is a citizen of Hanover, one of the States of the German Confederacy, and an alien to the United States and the State of Texas. At the same Term, November 4th, appellee filed a report as administrator *pro tem.*, in which he claimed a landlord's lien on the property of the estate in his possession, stated that appellant refused to deliver to him the property of the estate which was in his possession; that he had, since last Term, paid out the sum of $20 for legal advice and services connected with the interest of said succession; that he had filed a petition for an order of sale at previous Term, to pay privileged debts, which had not been acted upon; prayed that his acts be confirmed, that his costs and expenses be allowed him, and that the Court would appoint an administrator in chief as prayed for by him.

At same Term, order of Court as follows:

In this estate, it appearing to the Court that the applicant, John Haas, has properly applied for and been appointed administrator *pro tem.*, and faithfully conducted his administration, and whereas his application for letters in chief were duly and legally filed, whereby he would have been entitled to appointment, but that the contestant has shown to the Court that the deceased, in his life-time, selected the said contestant, John J. Cain, to take charge of his funds, and, in the event of his death, to remit the same, after paying his debts, to the mother of the deceased: It is or lered, adjudged and decreed by the Court that, in the event of the said J. J. Cain paying the claim of the said Haas for boarding, attendance, &c., now filed in this Court, for the sum of $60 25, and the further sum of $35 for burial expenses, paid by him, Haas, to William Rossell, and also the sum of twenty dollars for the counsel fees, paid by the said Haas to Tompkins & Thompson, together with the sum of ten dollars to include said Haas' commissions and extra compensation for attending to said estate; and provided also that said

Cain shall allow and pay all costs of Court, incurred in said *pro tem.* administration and in this contest ; then, and in that event, the said Cain is and shall be appointed administrator in chief, with ordinary powers, &c. But if the said Cain shall refuse or neglect so to do, and to qualify within twenty days from the date of this order, his application and contest shall be dismissed at his costs, and the application of said Haas shall stand as if no protest had been filed, or trial had, and subject to the future action of the Court.  From which judgment and orders John Haas gave notice of appeal.

Appellee's account against the estate, was authenticated by his affidavit, and filed on the 4th of November.

On the 7th of November appellant filed his bond (no approval thereof) and oath.  Next day filed inventory cash $470 ; draft on Bank in New Orleans, $70 ; and wearing apparel, $85 50.

November Term, appellee filed suggestion that appellant had not complied with the order of Court, and prayed that the appellant's application be dismissed, and that the appellee be appointed administrator, &c.

Same Term, order of Court as follows :

It appearing to the Court that its conditional order for the payment of costs, &c., by the applicant, John J. Cain, made at the last Term of the Court, upon compliance with which said Cain's appointment of administration was to take effect, and it further appearing that the application of John Haas, for appointment of administrator is still before the Court, it is ordered, adjudged and decreed that the said John Haas be, and he is hereby appointed administrator of the estate of Chas. H. Howard, deceased, with full powers as such, subject to the orders of the Court.  It is also ordered that he file an inventory, duly appraised by John W. Bengin, Thos. M. Hogan and Nathan Fuller, who are appointed for the purpose.  It is also ordered that he file a bond conditioned as the law directs.  It is also ordered that, upon the approval of the bond, letters issue,

and the estate be continued.    Whereupon J. J. Cain gave notice of appeal.

Then followed another inventory and appraisement, similar to first filed by appellee as administrator *pro tem*. Bond and oath.

January 17th, 1855, petition for order of sale. January Term, order of sale. February 26th, account sales showing that the apparel of deceased, except a ring and pin valued in the inventory at $6, sold for $84 25. The administrator stated in the return of sale that the ring and pin were reserved for the relations of the deceased. February Term return of sale approved.

On the 3rd of March, appellee brought this suit in the District Court, to recover from appellant the five hundred and forty dollars, and damages for detention. Appellant answered under oath, by allegation of the facts hereinbefore stated, denied that Haas was the administrator of said Howard ; claimed that defendant was ; and prayed a *certiorari* to have the proceedings of the Probate Court revised, the order appointing said Haas reversed, and the appointment of defendant confirmed, and that in the meantime this suit proceed no further, &c. A *certiorari* was ordered, but not issued. A certified copy of the proceedings of the County Court was filed. The plaintiff excepted to the answer on the ground that his appointment was *res adjudicata,* and could not be put in issue in a collateral proceeding. An amendment of the answer afterwards alleged that said Haas' appointment was null for want of publication of notice of the application.

A jury being waved, and the case being submitted to the Judge upon the record and the evidence, judgment was rendered for the plaintiff. The statement of facts was as follows :

The defendant admitted that he had the money and effects sued for, and that they had been demanded by plaintiff and refused, after plaintiff was alleged to be qualified as administra-

tor, and that plaintiff kept the hotel where deceased died, and that plaintiff was a responsible person.

Defendant then called Col. Fuller, who testified that he saw deceased before his death, and that he placed the money in defendant's hands, as well as the draft sued for, and that the deceased said he was afraid plaintiff and another man would rob him; that they had been feeling under his pillow for it, and that he had placed it in the hands of defendant; that at this time deceased had the yellow fever. Something afterwards was said in the presence of plaintiff by defendant about its being sent forward to the mother of deceased by defendant.

Defendant also introduced the record of the County Court in evidence; also,

Chas. Shearn, who testified that he was the agent of the mother of deceased, and that he called upon both parties for the money, and defendant was willing to pay the money, so that it was not diminished by the costs, and that plaintiff was not willing unless all costs and expenses were paid.

*Sabin* and *Henderson*, for appellant.

*Tompkins & Thompson*, for appellee.

WHEELER, J. There can be no doubt of the right of the defendant to put in issue the authority of the plaintiff to sue as administrator; and to bring before the Court the proceedings of the Probate Court to show the absence of a legal and valid appointment. Whether he had the right in this case, to a *certiorari*, to bring before the Court the record of the appointment, for the purpose of having the judgment of the Probate Court revised and annulled, it was not necessary to determine; for the reason that the exceptions to the answer apparently intended to raise that question, do not appear to have been

brought to the notice of the Court, and the record discloses no ruling upon them. The *certiorari* was granted ; and although it does not appear that a writ was issued, the record of the proceedings of the Probate Court was brought before the Court; and the parties "submitted the cause to the adjudication of the Court upon the record and the evidence ;" no action appearing to have been sought or taken upon the exceptions. They must therefore be deemed to have been waived. It must be taken that the Court rendred its judgment upon the whole case thus submitted for adjudication ; and decided, as well upon the validity of the action of the Probate Court in the matter of the appointment of the administrator, as upon the evidence adduced upon the trial. The appeal brings the case before this Court for revision, as it was submitted to the Court below ; and the principal, and indeed the only contested question arising upon the case thus submitted, is as to the validity of the proceedings of the Probate Court, under which the plaintiff claims to have authority to sue.

The Constitution confers on the District Court "original and appellate jurisdiction, and general control" over inferior tribunals possessing the powers and jurisdiction of the Probate Courts, under such regulations as may be prescribed by law. (Art. 4, Sec. 15.) The law has provided two modes for revising their proceedings, appeal and *certiorari;* and when they are brought before the Court in either of these modes, the Court may revise their judgments, affirming or reversing them, as to the Court may seem right ; and may try the case anew, and render such judgment, and make such determination respecting the matter in hand, as may accord with the law and right of the case, irrespective of the judgment which the Probate Court may have rendered.

If that Court has not rendered the right judgment, the District Court, and this Court on appeal, will proceed to render the judgment which shall appear to be right.

Has the Probate Court rendered the right judgment in this case? We think it has not. It is fairly deducible from the record, that there was, in fact, no notice of the application for letters of administration, as the law requires. That it seems was lost sight of in the contest respecting the administration ; and there was no notice of either application. We do not dwell to notice the evidences afforded by the record, that there was in fact no notice. We do not rest our decision alone or mainly on that circumstance ; but on the opinion that, under the particular, and very extraordinary circumstances of this case, the action of the Court, and the appointment of Haas, were otherwise irregular and improper. Haas had no legal right to claim the appointment in preference to another. The Statute does not give preference to a creditor over any other suitable person. After the next of kin, and the principal de-visee and legatee, it enjoins upon the Court the duty of ap-pointing such person as will accept and qualify. (Hart. Dig. Art. 1118.) It appears, to say the least, doubtful whether Haas was such a person. His indecent haste to administer and possess himself of all the effects of the deceased, when he had enough in hand to secure him, and there was no occasion for haste, and when he must have known it was contrary to the wishes of the deceased, that he should administer, taken in connexion with other matters which the record discloses, on which comment is unnecessary, were quite sufficient to cause the Court to hesitate to pronounce him a fit or proper person to receive the appointment. There was no necessity to confer it upon him, when there was a fit person before the Court, adjudged to be such by the Court, ready to accept and qualify. In deciding between the two, the wishes and preference of the deceased might very well be regarded ; and Haas was proba-bly the last person to whom he would have confided the ad-ministration of his affairs. He had confidence in the appellant; believing he would carry out his pious wish, to have conveyed to his mother the small sum, which should remain after defray-

Cain v. Haas.

ing the expenses of his last sickness. The latter could, and doubtless would have administered without exhausting that small sum in expenses of administration.. The Court appears to have considered that the circumstances of the case demanded the appointment of the latter, rather than the former ; and accordingly decided that he was the proper person to administer ; and appointed him ; but in making the appointment, imposed upon him conditions which the Court had no authority to impose, and with which he could not comply, without a manifest violation of his duty : that of paying debts which had not been properly authenticated, and costs which had been needlessly and improperly accumulated by another. The imposition of such terms and conditions was wholly unauthorized and illegal. Having decided that Cain was the proper person to administer, it was the duty of the Court to confer upon him the appointment, with no other conditions than those prescribed by law. With those the appellant complied ; and the refusal of the Court to recognize him as administrator, because he had · not done more, and more than a proper regard for his duty permitted him to do ; and proceeding to confer the appointment on Haas, under the circumstances, manifestly was neither a regular nor legal proceeding. It was such a proceeding as cannot be approved ; and as ought not to receive the sanction of the judgment of any Court before which it is brought for revision or correction. The Court was doubtless right in deciding that Cain was a proper person to receive the appointment, and in so far, the judgment ought to be affirmed ; but in other respects, the action of the Court was manifestly erroneous and unwarrantable, and ought to have been reversed, set aside and annulled. We are of opinion, therefore, that the judgment of the District Court be reversed ; and proceeding to render the judgment which the District Court ought to have rendered, it is the judgment of this Court that the appointment of the appellant in this case be affirmed, upon his complying with the terms prescribed by law, and that the ap-

pointment of the appellee, Haas, be set aside and annulled ; and that this suit be dismissed.

Ordered accordingly.