MARTHA LOTT AND ANOTHER V. JEREMIAH CLOUD, JR.

The approval and allowance of a claim against a decedent's estate, will not be annulled and set aside, where there was neither ignorance nor mistake of fact, in making the allowance and approval, nor fraudulent representation by the owner, in procuring it.

In a suit, brought in the District Court, for the purpose of annulling and setting aside the allowance and approval of a claim, where the defendant does not, in his pleadings, pray for a judgment for the amount of the claim, and judgment is rendered in his favor, it is error to decree that the plaintiffs (the executors of the will of the testator, against whose estate the claim has been approved,) pay the demand, in due course of administration; it is not necessary, in such case, for the defendant to ask a judgment; his claim being already established.

ERROR from Austin.   Tried below before the Hon. James H. Bell.

This was a suit by the plaintiffs in error, Martha Lott and Kedar Ballard, as executors of the last will and testament of William H. Lott, deceased, against the defendant in error, brought in the District Court, to enjoin further proceedings in the county court to enforce the payment, by the plaintiffs, as executors, of a certain claim against the estate of their testator, which had been allowed and approved in due form, as a just claim against the estate; and to set aside and annul the allowance and approval thereof.

The plaintiffs alleged that the defendant, on the 27th day of August, 1855, presented to them for allowance, the following claim :—

"Due Hardy Bonner, two hundred dollars, for cash loaned.—California, September 3d, 1850.

"WM. H. LOTT."

which was duly authenticated according to law. "Petitioners say, that their testator, during his last sickness, spoke of this claim; said it was a just claim, and requested them to pay the same, should it be presented after his death; and that believing said claim to be a just and legal claim against the estate of their testator, they allowed the same as such; and that, on the day of its allowance, the chief justice of the county approved of the allowance."

The plaintiffs further alleged, that the claim was barred by the statute of limitations, before the death of the testator, which occurred on the 8th day of April, 1855; that when they allowed the same, they did not know that it was barred, and had they known that fact, they would have rejected it. That they believed the chief justice did not observe that it was barred, and that had he known the fact, he would not have approved the allowance. That the defendant had filed a petition in the county court, to compel plaintiffs to make an exhibit of the condition of the estate, and praying for an order of payment; and that certain of the heirs, (naming them,) had notified them not to pay the same, under penalty of their being held personally responsible for the amount so paid.

The District Judge issued his *fiat*, granting the writ of injunction prayed for.

The defendant filed a demurrer to the plaintiffs' petition, on the grounds following: "1st, There is no equity upon the face of the bill. 2d, There is no allegation of fraud or misrepresentation, by Cloud, in presenting the claim, either to the executor, or to the chief justice. 3d, There is no allegation of a mistake, nor of collusion by the executors, in allowing said claim." The defendant also moved to dissolve the injunction.

The plaintiffs amended their petition, by alleging, that, the defendant presented to them, and the chief justice, no other

proof than the claim itself, and the affidavit attached to the same; and that there was no fact or exception, that took the claim out of the operation of the statute of limitations.

The motion to dissolve the injunction was overruled; a jury was waived, and the cause submitted to the court. The chief justice, who approved the allowance, testified, that when the claim was presented to him, he objected to approving the allowance; that the defendant's attorney called to his attention the clause in the testator's will, which required all the just debts of the testator to be paid, and that Kedar Ballard, one of the executors, was called before him, who stated, that the testator had spoken of this claim during his last sickness, and said, it was a just claim, which he wished should be paid by his executors, if presented to them after his death; and that, thereupon, he approved the allowance made by the executors.

The testator's will was read in evidence, which contained a clause, bequeathing certain negroes, which "are to be hired out, and the proceeds, together with all my other property, real, personal, and mixed, to pay my just debts; and my executors are authorised to pay the same, in such a manner as they may think best to the interest of my estate."

There were no other facts proved, concerning the circumstances under which the allowance and approval were made. The claim itself, with the endorsements of allowance and approval, was read in evidence. The collateral facts alleged in the petition, were admitted or proved.

The court adjudged, "that the plaintiffs take nothing by their injunction; that as executor and executrix of the estate of William H. Lott, deceased, they pay the claim held by defendant, and all costs of this suit; and that the same be paid in due course of administration."

*Hunt & Holland*, for the plaintiffs in error.—This was a suit by the plaintiffs in error, to restrain the enforcement and collection of a claim against the estate of their testator, which had been allowed by them, and approved by the chief justice, as a valid

claim, though, in fact, it was barred by the statute of limitations, previous to the death of the testator; and there was no proof of any acknowledgment of the testator, to take it out of the operation of the statute, except a general clause in his will, directing payment of all just debts. And further, the object of the suit was to set aside, vacate, and annul the allowance and approval of the claim.

The only questions in the case are, 1st, Have executors and administrators authority to make a new contract, binding upon the estates they are appointed to administer? For what is the acknowledgment of a debt, barred by the statute, but a new promise? (Coles v. Kelsey, 2 Texas Rep. 541; Bell v. Morrison, 1 Peters Rep. 351.) And, 2d, If executors have not such authority, ordinarily, or as a general rule of law, is there anything in the will of the testator that confers the authority in this particular case?

That the legal representative of the estate of a decedent has not authority, ordinarily, to bind the estate by a new contract, is fully established by Angell on Limitations, chap. 24, §§ 266 to 267, inclusive, and authorities. (Fritz v. Thomas, 1 Whart. Rep. 66; Thompson v. Peter, 12 Wheat. Rep. 565; Peck v. Botsford, 7 Conn. Rep. 178; Moore v. Hardison, 10 Texas Rep. 467; Moore v. Hillebrant, 14 Id. 315; which last also decides that the District Court is the proper tribunal to institute proceedings in cases like the present; Montgomery v. Culton, 18 Id. 736.)

Does the testator's will take this claim out of the operation of the statute, or confer upon his executors, authority to make any acknowledgment, or new promise, that can bind the estate? The clause of the will, relied upon by the defendant in error, is that which provides for the payment of the just debts of the testator, and authorises the executors to pay the same, "in such manner as they may think best to the interest of the estate." This, we submit, is entirely insufficient, upon the authority of Angell on Limitations, chap. 20, pp. 285-287, § 232, and notes, with authorities there cited, all of which conclusively establish the negative of the foregoing proposition.

The executors, by allowing the claim, have not made themselves, individually or personally, liable; because there was no consideration to support a promise or undertaking that could bind them, or make them individually responsible for the debt.

WHEELER, C. J.—On the authority of Eccles v. Daniels, 16 Texas Rep. 136, the judgment, that the plaintiffs take nothing by their suit, was rightly rendered. There was no ignorance or mistake of fact, and no fraudulent representation by the holder of the claim. The plaintiffs did not make out a case to entitle them to relief.

But there was no pleading by the defendant to entitle him to ask a judgment for his demand. That judgment, moreover, was unnecessary, as his claim was already established, and entitled to be paid in due course of administration. In so far, therefore, the judgment will be set aside, and in all other respects affirmed.

Judgment reformed and affirmed.

BELL, J., did not sit in this case.