## ISHAM MOSELY, ADMINISTRATOR, v. W. M. GRAY.

In a suit by the administrator of an estate, to annul the allowance and approval of a claim, on account of mistake, or ignorance of facts, in the allowance and approval thereof, the burden of showing that the claim was not a valid subsisting one, is upon the plaintiff.

In a suit of this character, alleging the ground of invalidity to be, that the claim was barred by limitation, when it was allowed; the fact that it appears on its face to have been barred, is not sufficient to sustain the petition; and the jury should be instructed, on such a state of facts, to find against the plaintiff.

APPEAL from Henderson. Tried below before Roger Q. Mills, Esq., special judge by the selection of the parties; the presiding judge having been of counsel.

This suit was brought on the 31st of March, 1858, by Isham Mosely, administrator of the estate of John Blackwell, deceased, against William M. Gray, as the holder and owner of a promissory note for $215, dated July 1st, 1852, and payable December 25th, 1852, which had been executed by the plaintiff's intestate, in favor of the defendant.

The petition alleged, that the claim was presented, allowed and approved, on the 23d day of February, 1857; but that the same was allowed, "through a mistake and misapprehension of the facts." Prayer to annul and set aside the approval and allowance of the claim.

The defendant filed a demurrer, and special ground of demurrer; which, however, were waived on the trial. The plaintiff read in evidence, the note, affidavit as to the justness of the claim, &c., with the endorsements of allowance and approval; which was all the testimony in the cause.

The court charged the jury to find a verdict in favor of the defendant; which they did, and judgment was rendered, in accordance with it, against the plaintiff for costs, to be paid by the estate aforesaid, in due course of administration.

*R. F. Dunn*, for the appellant.

*T. B. Greenwood*, for the appellee.

BELL, J.—It has been repeatedly decided by this court, that where an executor, or administrator, allows a claim against the estate which he represents, from mistake or ignorance of the facts, which constitute its invalidity, or from fraudulent representations, on the part of the holder of such claim, such executor, or administrator, may sue in the District Court, and have the allowance of such invalid claim annulled. (Neill v. Hodge, 5 Texas Rep. 487 ; Jones v. Underwood, 11 Id. 116, and other cases.) But in all such cases, the burden of proof, to show that the claim was not a valid and subsisting claim against the estate of his testator, or intestate, is upon the executor, or administrator. (Eccles v. Daniels, 16 Id. 136 ; Hillebrant v. Burton, 17 Id. 138.)

In the case of Eccles v. Daniels, which was a case in which an administrator sought to have the allowance of a claim against the estate of his intestate annulled, on the ground that the claim was barred by limitation, at the time it was allowed, this court said, "It devolves upon the administrator, to show beyond question that the claim had been barred. The mere fact that the claim, on its face, appears to be barred, will not be sufficient." It was said further, in that case, that the administrator seeking to have the allowance of the claim annulled, should deny by averments in his petition, the existence of any facts or circumstances, which would have taken the claim out of the operation of the statute of limitations, at the time it was allowed. These same views were substantially reiterated, in the case of Hillebrant v. Burton. It may be considered as well settled, by these cases, that it is not sufficient to entitle the administrator, to have the allowance of a claim against the estate of his intestate annulled, that the claim appears on its face to have been barred by the statute of limitation, at the time of its allowance.

As there was no evidence in this case, beyond the note itself,

with the endorsements on it, it was not error for the presiding judge to charge the jury, that they must find for the defendant. It was not a charge upon the weight of the evidence, but upon the competency of the evidence to establish the issue. The judgment of the court below is affirmed.

Judgment affirmed.