JAMES HEFFNER, ADMINISTRATOR, V. BRANDER AND OTHERS.

The validity of a claim against an estate, for money, duly allowed by the administrator, and approved by the chief justice, cannot afterwards be questioned in the County Court.

An appeal does not lie from the allowance and approval of a claim by the administrator, and the chief justice; nor is it such an order as can be revised upon *certiorari*, by the District Court.

The allowance and approval of a claim against an estate, can only be set aside or nullified, by an original proceeding, commenced in the District Court, for that purpose; and it is not done as a matter of course, but only upon the fullest proof. It is not enough that it appears, on its face, to be barred by the statute of limitations.

APPEAL from Panola. Tried below before the Hon. Reuben A. Reeves. The facts sufficiently appear from the opinion.

BELL, J.—The appellees, Brander, Williams & Co., were the holders of a claim against the estate of Joshua T. Gill, deceased, of which estate the appellant, Heffner, was the administrator. The claim of the appellees was presented to the administrator, and allowed by him; and, shortly afterwards, was approved by the chief justice of Panola county. Subsequently to the allowance and approval of their claim, Brander, Williams & Co. filed an application in the County Court, praying for an order to require the administrator to sell property of the estate, for the payment of the claim. The administrator resisted this application, on the ground that the claim was barred by limitation at the time of its allowance and approval, and ought not, therefore, to be enforced against the estate. The County Court granted the prayer of the appellees, and ordered the administrator to sell property to pay the claim. The administrator obtained a writ of *certiorari*, and removed the cause to the District Court, to have the orders and decrees of the County Court, in the premises, revised and corrected. In the District Court, the parties pleaded at great length, and but little respect seems to have

been paid to the fact, that the claim in question had been allowed by the administrator, and approved by the chief justice. On the trial, the court instructed the jury as if the suit had been an original proceeding by Brander, Williams and Co., to establish their claim against the estate of Gill. The jury were told, that if the claim was founded on a draft drawn by Gill, on the appellees, the claim would not be barred until after four years from the maturity of the draft; and in that event, the plaintiffs, Brander, Williams & Co., were entitled to recover the amount of the draft, and eight per cent. per annum, interest; but the jury were instructed that the plaintiffs were not entitled to recover the sums charged as commissions for accepting and paying the draft. The jury found a verdict for Brander, Williams & Co., for an amount less than the amount of the draft, and eight per cent. interest thereon. It is not perceived what was the basis of the verdict.

The proceedings in the District Court, so far as we can gather them from the record, were entirely irregular. The order of the County Court, of which the petition for *certiorari* complained, was an order for the sale of property, to pay the claim of Brander, Williams & Co., and not an order establishing that claim as a claim against the estate of Gill. The allowance and approval of the claim, by the administrator and the chief justice, established the validity of the claim, and its validity could not afterwards be questioned in the County Court. Nor is the allowance and approval of a claim by the administrator, and the chief justice, such an order, or decree, or proceeding of the County Court, as can be appealed from, or revised upon *certiorari*, by the District Court. By the allowance and approval, the claim is established, and the allowance and approval can only be set aside or nullified, by an original proceeding commenced in the District Court, for that purpose. (See the cases of Neill v. Hodge, 5 Texas Rep. 487 ; Jones v. Underwood, 11 Id. 116; Eccles v. Daniels, 16 Id. 136.) And when a suit is instituted in the District Court, to set aside the allowance and approval of a claim, it is not done, as a matter of course, but only upon the fullest proof. It is not enough that

it appears, on its face, to be barred. In the present case, the matter of the allowance and approval of the claim was not brought before the District Court, in a manner to authorize the court to set aside the allowance and approval; and if the matter had been properly before the court, there are no circumstances of imposition, or fraud, or mistake shown, to justify the District Court in setting aside the allowance and approval of the claim. If Brander, Williams & Co. complained of the judgment of the District Court in this case, we would reverse it; but the errors committed are such as they alone are entitled to complain of, and, as they ask for an affirmance of the judgment, it will be affirmed with damages.

Affirmed with damages.