JONES et al. v. WYNNE et al.

No. 10269.

Court of Civil Appeals of Texas. Galveston.

March 11, 1937.

Rehearing Denied April 8, 1937.

See, also, 98 S.W.(2d) 177.

J. S. Bracewell, of Houston, for appellants.

Dean & Humphrey, of Huntsville, for appellees.

GRAVES, Justice.

This action was brought by the appellants—the children and heirs at law of Helen M. Jones, deceased—against the appellees, G. A. Wynne and their father J. B. Jones, individually and as administrator, as an original suit in the district court of Walker

county, Tex., seeking a writ of certiorari to review the action of the probate court of that county, in approving the claim of the appellee Wynne for $16,386—evidenced by three notes signed by her—against the estate of their mother. It is alleged in the petition that she died intestate on or about the 7th day of November, 1930, and that J. B. Jones, her surviving husband, was appointed administrator of her estate by the county court of Walker county by an order duly entered on the 24th day of June, 1931, and that thereafter and pursuant to such order of appointment, he duly qualified as such administrator, as required by law, and thereafter became the acting and qualified administrator thereof. It is further alleged that the claim of the appellee, the approval of which the appellants attempt to review and have set aside, was duly and legally presented to and allowed by the administrator of the estate on April 29, 1932, and that it was approved by an order of the county court of Walker county, entered on the 23d day of June, 1932. This present action was filed in the district court of Walker county on the 22d day of June, 1934, being one day short of two years after the approval of this claim by the county court of Walker county. The case duly came on for consideration in the district court in regular order on the 12th day of November, 1934, at which time, after argument by counsel for appellants and appellees, the court sustained the general demurrer of appellees to the appellants' petition and quashed the writ of certiorari theretofore issued. This appeal is from that order of the district court, sustaining the general demurrer, and quashing the certiorari.

Since we are now operating under the Constitution of 1876, together with legislative enactments carrying its provisions into effect, this court affirms the learned trial court's judgment, adopting in support thereof this much of the able brief for the appellees herein:

"A review of our early decisions shows that certiorari and appeal are concurrent remedies; that they are separate modes for revising the proceedings of the probate courts and that either of them is available to review the action of the county court, sitting in matters of probate, independent of the other. This is clearly shown by such decisions as Newson v. Chrisman, 9 Tex. 113; Ray v. Parsons, 14 Tex. 370; Poag v. Rowe, 16 Tex. 590; Cain v. Haas, 18 Tex. 616; Coupland v. Tullar, 21 Tex. 523, 524.

"Article 932 of the Revised Statutes of 1925, which provides for a review of probate proceedings by certiorari, has been a part of the statutory law of this state since 1848. Articles 3302 and 3698 of the Revised Statutes of 1925, which provide for the recording in the minutes of all orders, decisions, decrees, and judgments, and for an appeal therefrom, have also been a part of the statutory law of this state since 1848. These articles were a part of such statutory law at the time when the district court had original and concurrent jurisdiction with the probate court in many, if not all, probate matters. Yet it is significant to note that certiorari has never been—and appeal was not until after 1876—recognized by the courts of this state as a proper method of reviewing the order of a probate judge in approving a claim against an estate.

"The early decisions (those decided before the adoption of the Constitution of 1876) are to the effect that the only method of reviewing the action of the probate court in approving a claim against an estate was by an independent suit brought in the district court for that purpose, and that a review thereof could not be had by appeal, writ of error, or certiorari, and that such independent suit should be brought within a reasonable time.

"That this was the law before the adoption of the Constitution of 1876 is clearly shown in such decisions as Neill v. Hodge, 5 Tex. 487; Toliver v. Hubbell, 6 Tex. 166; Jones' Adm'r v. Underwood, 11 Tex. 116; Moore v. Hillebrant, 14 Tex. 312, 65 Am.Dec. 118; Eccles v. Daniels, 16 Tex. 136; Hillebrant v. Burton's Heirs, 17 Tex. 138; Lott v. Cloud, 23 Tex. 254; Mosely v. Gray, 23 Tex. 496; Heffner v. Brander, 23 Tex. 631; Giddings v. Steele, 28 Tex. 732, 91 Am.Dec. 336; Swan v. House, 50 Tex. 650; Howard v. Johnson, 69 Tex. 655, 7 S.W. 522.

"A careful review of these cases, and the statutory law as it existed prior to 1879, leads to the inevitable conclusion that certiorari and appeal were available to review only final judgments, orders, decisions, or decrees of the probate court, and that before the enactment of the Revised Statutes of 1879, the action of the probate court in approving a claim against an estate was not a final judgment, order, decision, or decree of the probate court, but was in the nature of a quasi judgment, order, decision, or decree. This is undoubtedly true, because of the fact that both appeal and certiorari were provided for in the statutory law as it

existed before 1879, and no other logical explanation of the holding of the Supreme Court that such action was a quasi judgment and was not reviewable, except by an independent suit brought in the district court for that purpose, is available.

"The apparent reason for such holding by the court is this:

"Prior to the adoption of the Revised Statutes of 1879, there was no provision in the statutory law, such as is found in article 3525 of the 1925 Revision, providing that the action of the probate court in approving or disapproving a claim against an estate shall have the full force and effect of a final judgment. There was no provision of the statutory law requiring, as is now required by article 3520 of the 1925 Revision, that the action of the probate court on a claim shall be entered upon the claim docket, nor was there any provision requiring that the action of the probate court should be recorded in the minutes of the court. The effect of the decisions is that the Supreme Court refused to hold that this action of the probate court was a final judgment, decision, decree, or order, such as was required to be recorded by what is now article 3302 (article 1383, Paschal's Digest); otherwise, both appeal and certiorari would have been available under what are now articles 3698 and 932, respectively. This is probably accounted for by reason of the fact that the probate laws, as they existed before 1876, and as they exist now, did not contemplate that the probate court would try out contested claims against an estate (the action thereon being ex parte), but clearly contemplated that all contested claims would be tried out in the district court, under such rules and regulations as were then and are now provided in the statutory law. This is evident from the fact that—in an appeal from an order approving a claim—the trial of the issues is de novo in the district court, and from the further fact that the law provides that where a claim is not allowed, or is disapproved, an action may be maintained in the court having jurisdiction to establish validity of the claim.

"Prior to the adoption of the Constitution of 1876—and except for the Constitution of 1869, wherein the district court was given exclusive original jurisdiction in probate matters—all of the Constitutions gave to the district court original jurisdiction in probate matters, and created inferior courts, which were vested with probate jurisdiction.

"The Supreme Court recognized that some sort of supervision and review of the action of the probate court approving claims against an estate was necessary and essential, and, having held that appeal and certiorari were not available for this purpose because such action of the probate court was not a final judgment, held that this action of the probate court was a quasi judgment, in order that there would be some judicial action for review by the district court—in an original suit brought therein under the provision of the various constitutions giving that court original jurisdiction in probate matters.

"The Constitution of 1876 gave the county court the original jurisdiction of a probate court (article 5, § 16), and gave the district court only appellate jurisdiction, and general control over the probate court (article 5, § 8). With this change in the jurisdiction of the district court, taking from it all original jurisdiction in probate matters, it no longer had jurisdiction to review the action of the probate court in approving claims against an estate by an independent suit brought therein for that purpose. This is shown very clearly by the following authorities: Franks v. Chapman, 60 Tex. 46; Heath v. Layne, 62 Tex. 686; Buchanan v. Bilger, 64 Tex. 589; Sabrinos v. Chamberlain, 76 Tex. 624, 13 S.W. 634; Cameron v. Morris, 83 Tex. 14, 18 S.W. 422; Smart v. Panther, 42 Tex.Civ.App. 262, 95 S.W. 679; Denton v. Meador (Tex.Civ.App.) 268 S.W. 762; Pierce v. Foreign Mission Board (Tex. Com.App.) 235 S.W. 552; Levy v. Moody & Co. (Tex.Civ.App.) 87 S.W. 205; Hallam v. Moore (Tex.Civ.App.) 126 S.W. 908; Goodman v. Schwind (Tex.Civ.App.) 186 S.W. 282, reversed on other grounds (Tex. Com.App.) 221 S.W. 579; Hutchens v. Dresser (Tex.Civ.App.) 196 S.W. 969 (writ of error dismissed).

"In 1879 the statutory law was recodified and article 2031 (now article 3525) was added thereto as a part of chapter 19, title 37. This article of the statutes was not found in the statutory law prior to that time, and provided that the action of the probate court in approving a claim against an estate should have the full force and effect of a final judgment, and provided further that—should the claimant or any person interested in the estate be dissatisfied with such action—he might appeal therefrom to the district court, as from other judgments of the county court rendered in probate matters. Article 2200 (now article 3698), which was a part

of chapter 31, title 37, provided, as had the former law, that any person who considered himself aggrieved by any decision, order, decree, or final judgment of the probate court should have the right to appeal therefrom to the district court. Article 290 (now article 932) provided that any person interested in the estate of a decedent might have the proceedings of the county court therein revised and corrected within two years after the order was made, and provided further that persons under certain disabilities should have two years after the removal of such disabilities within which to institute such proceedings. It should be noted that the part of article 2031 (now article 3525), which made this action of the probate court a final judgment, would have been sufficient when considered in connection with article 2200 (now article 3698) to have authorized an appeal to the district court from this action of the probate court, and that the same would have been sufficient when considered with article 290 (now article 932) to have given the district court jurisdiction to review such action by certiorari, without the necessity of adding that part of article 2031 (now article 3525), which provided expressly for an appeal to the district court. It should also be noted that chapter 19, title 37 (now chapter 18, title 54), contained all of the statutory law with reference to the allowance and approval of claims against estates of deceased persons, and that the action of the Legislature in expressly providing therein for an appeal from this action of the probate court (as well as from the action of the probate court in allowing claim of an administrator against an estate, article 2033, Revised Statutes of 1879, now article 3527), made this chapter complete in itself, and gave to persons interested in estates all of the relief necessary for the review of the action of the probate court in approving a claim against an estate.

■■ "We must assume that the Legislature, in changing the statutory law in the particulars shown above, had some useful purpose in mind. We must also assume that it had notice of the change in the jurisdiction of the district court made in the Constitution of 1876, the condition of the statutory law prior to that time, and the decisions of the Supreme Court with reference to the jurisdiction of the district court to review the action of the probate court in approving claims against an estate. We are of opinion that the action of the Legislature, in expressly providing in article 3525 for an appeal to the district court, was intended to make this method of review an exclusive remedy. This is the opinion of the Supreme Court in De Cordova v. Rogers, 97 Tex. 60, 75 S.W. 16; see, also, Eastland v. Williams, 92 Tex. 113, 46 S.W. 32; Logan v. Gay, 99 Tex. 603, 90 S.W. 861, 92 S.W. 255; Jones v. Williams (Tex.Civ.App.) 14 S.W.(2d) 300 (writ of error dismissed); Bolton v. Baldwin (Tex.Civ.App.) 57 S.W.(2d) 957 (writ of error dismissed); Jones v. Silverman (Tex.Civ.App.) 84 S.W.(2d) 1013.

"It is true that the cases cited and quoted from arose in guardianship proceedings, but no good reason can be advanced why the doctrine should not apply equally as well in administration of estates. We have pointed out above the various changes in the statutory law, and have applied the reasoning of the Supreme Court showing the applicability of its holdings to the case at bar.

"Cameron v. Morris, 83 Tex. 14, 18 S.W. 422, 424, was an independent suit brought in the district court to review the action of the probate court in approving claims against an estate. A general demurrer was sustained to the plaintiff's petition and the action of the court in sustaining this general demurrer was affirmed, the court—in the portion of the opinion most material here—saying:

"'These allegations, when read in connection with all other facts alleged, simply mean that he had allowed debts contracted by A. H. Davenport,—community debts,—and represented to the court that they were valid claims against the estate of Mrs. Davenport, not that there was any suppression of or misrepresentation of the facts, but only of the law of liability. (Ours, exactly what appellants allege herein). The act of the court upon such representations was error of law, or mistake of law, and not upon facts fraudulently alleged by the administrator to be true. In such case the orders and decrees of the probate court in a suit like this could not be declared void. Though they may not be correct, as the law has been construed and declared, they are the legally adjudged decisions and judgments of the court of competent jurisdiction, and cannot be set aside or reviewed in the district court in this proceeding. Sabrinos v. Chamberlain, 76 Tex. 624, 13 S.W. 634; Buchanan v. Bilger, 64 Tex. 589; Fortson v. Alford, 62 Tex. [576] 578.'"

Appellees' interpolation, supra, "exactly what appellants allege herein," has reference to the grounds on which appellants had in this independent suit attacked the probate

court's approval of the claim involved, which, in material substance, were these: That Helen M. Jones was a surety on the notes, that J. B. Jones was the principal maker, that no suit·thereon had been filed against J. B. Jones before the presentment and approval of the claim, that, although the appellee alleged in his claim that J. B. Jones was insolvent, no proof of that as a fact was made, and that J. B. Jones was not in fact insolvent.

Without further discussion, an affirmance will be entered.

Affirmed.