CHRISTIAN HILLEBRANT AND ANOTHER v. I. W. BURTON'S
HEIRS.

Where the heirs of a deceased person sue to set aside a claim which has been al-
lowed and approved, on the ground that it was barred by the Statute of Limi-
tations when allowed or approved, the burden of proof is on them.

Where a claim against a deceased person has been allowed and approved, every
presumption is in its favor, and he who attempts to impeach it, must assume
the labor of distinctly and clearly showing its vices.

This rule acquires a great deal more stringency, if a great length of time is per-
mitted to elapse, before such judgment is impeached.

Quere, whether this case decides that where an account is stated in the hand-
writing of the debtor, and is delivered to the creditor who makes no objection
thereto, it is not barred under four years.

Error from Houston.    Tried below before the Hon. John
H. Reagan.

The plaintiffs below were minors.    The other facts are
stated in the Opinion.

*Yoakum & Taylor*, for plaintiffs in error, cited Mills v.
Hodge, 5 Tex. R. 489 ; Lewis v. Houston, 11 Id. 648 ; 2 Id.
381 ; Moore v. Hillebrant, 14 Id. 312.

*S. A. Miller*, also, for plaintiffs in error, in addition to
authorities already cited, cited Jones v. Underwood, 11 Tex.
R. 116 ; Brown v. Sutton, 1 Dallas, 239 ; Merritt v. Cleeson,
12 Johns. R. 102 ; 14 Id. 484 ; Bailey v. Ogden, 3 Johns.
399 ; Chit. on Cont. 69 ; Curry v. York, 3 Tex. R. 357 ;
Duggan v. Cole, 2 Id. 396.

LIPSCOMB, J.    This suit was brought by the defendants in
error, to set aside a claim against the estate of I. W. Bur-

ton, dec'd., that had been presented to the administrator, admitted by him, and approved by the Probate Judge. The claim was on an open account, and was presented to the administrator duly proven, on the 3rd day of February, 1844.— The paper on which the account was set out, contained immediately preceding the statement of the account, an acknowledgement in the handwriting of the deceased and signed by him, that Hillebrant was jointly interested with the deceased, in certain lands described therein. It bore date 29th of May, 1841. Below the signature of Burton is the account, in his handwriting, striking a balance in favor of Hillebrant, of twelve hundred and sixty-six dollars. In addition to this, there is the affidavit of Vansickle, that Burton, in February, 1841, acknowledged that he owed Hillebrant that amount.— This suit was brought on the 18th July, 1854, to set aside the quasi judgment in favor of Hillebrant, on the ground that the claim was barred by the two years limitation, before its presentation to the administrator ; and it seems to have been the only question, whether the claim was barred at that time.— On the evidence above stated, for it does not appear that any other was offered, the Judge charged the jury, that " The " paper in evidence before you purports to be, in part, a con- " tract by which Mr. Burton agreed to make Hillebrant equal- " ly interested with him in the location he had made on the Mc- " Kinney league of land, excepting the Grigsby survey, when " Hillebrant should make Burton equally interested with him " in the Perolet half league of land." This is a complete con- " tract, dated 29th of May, 1841, and has reference to no other " instrument in connexion with it, and is signed by Burton. " Then follows, on the same piece of paper, what purports to " be a statement of an account between Hillebrant and Burton, " showing an indebtedness by Burton to Hillebrant of twelve " hundred and sixty-six dollars, which is not signed by Burton " or dated. There being nothing in this account, which shows " it to be a postcript to the preceding contract, or connected in

" any way with it, the date of the agreement cannot be taken " as the date of the account, nor can Burton's signature to the " agreement be taken as a signature to the account. The ac- " count cannot therefore be taken as an instrument in writing, " signed by the party to be charged therewith, so as to bring it " under the limitation of four years. And it was incumbent on " Hillebrant to show, by the date of the items of his account, " that they had not been more than two years, when the claim " was presented to the administrator for allowance. If there is " no such date to the items of said account, and no evidence " showing the indebtedness had been contracted within two " years next before being presented for allowance, you should " find for the plaintiff."

This charge was excepted to at the time it was given, by the defendants, the plaintiffs in error. That the Court erred in its charge, there can be no doubt. First, the charge assumes that Hillebrant was required to assume the burthen of proof that his account was not barred when presented for allowance to the administrator, when the reverse is the law. It must be recollected that the suit was brought to set aside and annul a judgment more than ten years after it had been awarded. Now, the rule of law is well settled, that every presumption is in favor of the judgment, and he who attempts to impeach it, must assume the labor of distinctly and clearly showing its vice. This is the rule where there has been no considerable lapse of time between the award of judgment and the suit to set it aside; but this rule acquires a great deal more stringency, and with a good reason, too, if a great length of time is permitted to elapse before the judgment is impeached. Time, with its continual destructive changes, often removes the evidence by which facts could be proven, without leaving any vestiges that such fact had existed. Neither the administrator by whom the claim is allowed, nor the Judge approving the same, is required to perpetuate, in any way, the evidence upon which they acted; and to call upon a creditor

after so great a lapse of time as has occurred in this case, would be equally repugnant to justice and sound policy. The plaintiffs should have proven distinctly and clearly, that the claim was barred at the time it was presented, to impeach the judgment of the Probate Court allowing it. This they failed to do, and but for the erroneous charge of the Court, there is no doubt the jury would have found a verdict for the defendants.

But we believe that the error noticed is not the only one contained in the charge of the Court. There is error in excluding evidence from the jury, that ought to have been admitted. The circumstances before stated; the acknowledgment of Burton on the 29th of May, 1841, and the account made out, all in his own handwriting, and this paper in the hands of Hillebrant, to whom it properly belonged, and for whom it was doubtless intended by Burton, if not furnishing full proof of the acknowledgment of the correctness of the account at that date, was certainly *prima facie* evidence, and ought to have been allowed to go to the jury; and the jury might have concluded that the account was acknowledged at that date, which would have taken the claim out of the limitation of two years. For these errors the judgment is reversed and the cause remanded.

Reversed and remanded.