SINGLETON CAMPBELL, ADM'R, v. J. H. SHOTWELL, EXECU-
TOR, &C.

1. LIMITATION—CLAIMS AGAINST AN ESTATE.—The mere fact that a
   claim against an estate was barred by limitation when it was allowed
   by the administrator and approved by the court, is not sufficient, of
   itself, to warrant the court, in a proceeding for that purpose, to set
   aside and annul such approval.
2. SAME—WILL.—A clause in a will directing the executor appointed
   by it " to disregard the statute of limitations as to the principal, but
   not as to the interest upon indebtedness " of the estate, authorizes
   the principal of just debts authenticated as required by the will to
   be allowed and paid by the executor, although barred by limitation.
3. SAME.—To authorize the annulling of an approval of a claim under
   the discretion vested by such will, would require a clear and pal-
   pable violation of such discretion on the part of the executor in
   allowing a debt under the will.

APPEAL from Polk.   Tried below before the Hon. Henry
C. Pedigo.

The opinion sets out the facts.

*James E. Hill,* for appellant. — An administrator or an
executor cannot charge the estate he represents by acknowl-
edging a claim barred by the statute of limitations. (Moore
*v.* Hardison, 10 Tex., 467; Moore *v.* Hillebrant, 14 Tex., 312;
Ang. on Lim., 6th ed., pp. 294–296, and authorities cited.)
And to set aside the *quasi*-judgment of a Probate Court
approving such allowance, proceedings for that purpose must
be instituted in the District Court; and if commenced in a
reasonable time, and it appears (1) that the claim was barred
by limitation when allowed and approved, or (2) that the
claim was allowed and approved through fraud or mistake,
there can be no question about setting aside the allowance
and annulling the decree. (Moore *v.* Hillebrant, 14 Tex.,
315; Moore *v.* Hardison, 10 Tex., 473; Henderson *v.* Ayres,
23 Tex., 100, 101; Jones *v.* Underwood, 11 Tex., 116; Pitner
*v.* Flanagan, 17 Tex., 7.)

"If a debt or claim is barred by statute, it is no longer a debt of the estate or claim against it; and to permit the representative to admit its validity on presentation, would be to allow him to create a debt against the decedent." (Moore *v.* Hardison, 10 Tex., 473.)

Moore *v.* Hardison and Moore *v.* Hillebrant, *supra*, are decisive of this case. No subsequent decisions have shaken the rule therein laid down in the slightest degree. In Henderson *v.* Ayres, *supra*, the rule was acknowledged, and an allowed and approved claim stricken from the liabilities of an estate because the proof showed that the claim was barred by limitation when allowed and approved. Appellee relies on Eccles *v.* Daniels, 16 Tex., 136; Mosely *v.* Gray, 23 Tex., 496; Brown *v.* Franklin, 44 Tex., 564.

In Mosely *v.* Gray nothing but the note was in evidence; no evidence was adduced, or attempted to be produced, showing upon what facts the administrator and the court based their action, which may have been fortified by a written acknowledgment, as provided by statute. (Paschal's Dig., art. 4617*a.*) In Eccles *v.* Daniels the court held that the claim involved was not barred as a matter of fact.

Brown *v.* Franklin is not in point. The opinion is misleading in adopting the reporter's head-note in Murphey *v.* Menard, 11 Tex., 673, which the opinion of the case does not warrant. (14 Tex., 67; Johnson *v.* Morris, 45 Tex., 465.) From the above authorities, it is well settled that an executor or administrator cannot, by allowing a barred claim, create a valid demand against the estate he represents. By no known law or rule of construction can the clause in N. Bailey's will, wherein he directs his executors "To pay off and discharge all my lawful and just debts, * * * directing my said executors to require all claims against my estate to be supported by affidavit, and to disregard the statute of limitations as to the principal, but not as to the interest upon such indebtedness," be held to comply with Paschal's Digest, art. 4617*a.* "Such indebtedness" refers to "lawful and just"; it cannot be

warped to refer to "all claims." A "lawful" debt is one that cannot be defeated by any statute or rule of law. A claim is not "just" when by the very acts of the claimant he admitted its payment, (1) until barred by limitations; (2) until the maker thereof died; (3) until he, (the claimant,) by virtue of his fiduciary character, became possessed of decedent's papers and evidence of liquidated claims. A claim barred by the statute of limitations, sought, in ignorance of the statute, to be revived by an indorsement of payment ($22.37) made ten days subsequent to testator's death and two months prior to the time his executor qualified, indorsed by the dual executor and claimant, is not "just." (Ang. on Lim., 6th ed., secs. 11, 171, and authorities cited.)

The statute of limitations is a statute of repose—a wise and beneficial law; not designed merely to raise a presumption of payment of a just debt from lapse of time, but to afford security against stale demands after the true state of the transaction may have been forgotten, or be incapable of explanation by reason of the death or removal of witnesses. (Ang. on Lim., 225.)

Article 4617a of Paschal's Digest cannot be explained away. (Ang. on Lim., sec. 212, and note 3.) The acknowledgment must be unqualified. (Ang. on Lim., pp. 225, 226, 230, 241, 247.) It should appear in all cases that the promise relates to the identical debt, and must specify the particular debt. (Ang. on Lim., secs. 239, 238, and note 4.)

The acknowledgment of the debt must be plain, unambiguous, express, and so distinct and palpable in its extent as to preclude hesitation. (Ang. on Lim., 6th ed., p. 229.) A new promise must be of the specific debt, or must distinctly include it; for if wholly general and undefined it is not enough. A testator who provides for the payment of his debts generally, does not thereby make a new promise as to any one of them. (Pars. on Law of Bus., 265; Smith v. Fly, 24 Tex., 353; Leigh v. Linthecum, 30 Tex., 100; Aldrete v. Demitt's Heirs, 32 Tex., 576; Coles v. Kelsey, 2 Tex., 555;

Webber *v.* Cochrane, 4 Tex., 36; Bell *v.* Morrison, 1 Peters, 351.) "Our statute (4617*a*, *supra*) was designed to put an end to the almost infinite variety of decisions as to what amounted to a subsequent promise." (Coles *v.* Kelsey, 2 Tex., 556.) "Not by changing the rules of construction, but merely to require a different mode of proof, substituting the certain evidence of a writing signed by the party chargeable, instead of the insecure and precarious testimony of witnesses." "There must be no strained constructive acknowledgments, or nice refinements of interpretation designed to evade the provisions of the statute." (Webber *v.* Cochrane, *supra*, and authorities cited.)

The intention of the testator must control, so far as it can be gathered from the will itself and is not inconsistent with the rules of law. (1 Red. Law of Wills, 4th ed., secs. 24, 30*c.*) If the directions in the will are so vague as not to enable the judicial expositor to ascertain with legal certainty what thing was intended, the will, *pro tanto*, is void for uncertainty. (Red. Lead. Cas. on Wills, 574.)·

The acts of W. H. Shotwell, as executor of N. Bailey, deceased, and all orders and proceedings of the Probate Court concerning said estate, made in said executor's lifetime, are void.

1st. The directions in N. Bailey's will as to the special powers of his executor were not approved by the court. (Laws 12th Leg., 1st Sess., secs. 155–160, p. 163.)

2d. The executor, W. H. Shotwell, having failed to accept the trust as provided by statute, it was then at an end, and an administrator with the will annexed should have been appointed by the court. (Langley *v.* Harris, 23 Tex., 564.)

An executor derives his authority from the will; an administrator, from the court. (Toller on Executors, sec. 3, p. 95.) An executor cannot elect from whom his authority shall be derived. He cannot, by renouncing the special powers delegated to him by the will, resort to the court as his authority when it suits his convenience to create a *quasi*-judg-

ment, and thus, as administrator, accomplish what he could not as an executor.  He cannot accept the portion of will in his favor and renounce that which is against him; he is held to a strict execution of the powers delegated by the terms of the will.  "They are incapable of admitting any equivalent or substitution; for the person who creates the power has the undoubted right to create what checks he pleases to impose to guard against a tendency to abuse.  The courts have been uniformly and severely exact on this point." (4 Kent's Comm., 12th ed., pp. 330, 343, 344, and note c, 346.)

Appellee's counsel construes the clause quoted from N. Bailey's will into "a devise to classes."  He cites 1 Maddox's Chancery, p. 556, to show that a testator in making his will is a law unto himself.  To avoid Paschal's Digest, art. 4617a, "construction" is invoked, and the testator's direction as to the payment of his debts is transformed into a gift of real estate.  Webber v. Cochrane, supra, disposes of this idea of avoiding the statute.  As to the authority cited by appellee, it is against him.  "Courts are bound to carry the will into effect, provided it is consistent with the rules of law; for men's deeds and wills by which they settle their estates are the laws that private men are allowed to make, and they are not to be altered even by the king in his courts of law and conscience." (Mad. Ch., supra.)  Yet this honorable court is asked to "alter" N. Bailey's will and create for the deceased, by construction, "a devise to classes."

When a suit may be maintained in the personal right of a party, the addition of administrator, guardian, &c., is merely descriptio personæ. (Hopkins v. Upshur, 20 Tex., 89; Hall v. Pearman, 20 Tex., 170; Rider v. Duval, 28 Tex., 624.)  "As administrator" may be rejected as surplusage, since in whatever character he recovers judgment, the legal title is in him, and he has the right to sue in his own name. (Nelson v. Bagby, 25 Tex. Supp., 307; Gayle v. Ennis, 1 Tex., 184; Butler v. Robertson, 11 Tex., 142.)  An issue cannot be raised on such personal description, (Claiborne v. Yoeman,

15 Tex., 45,) and need not be noticed in pleading. (McKinney *v.* Peters, Dallam, 545.) A debt due to one in a fiduciary character is in fact due to him in his own right. (Freem. on Judg., 2d ed., sec. 217, p. 227.) In actions against a personal representative on his own contracts and engagements, though made for the benefit of the estate, the judgment is *de bonis propriis,* and he is, by every principle of legal analogy, to answer it with his person and property. (Ang. on Lim., 6th ed., p. 294.)

The exhibit of W. H. Shotwell, guardian of Frank Harrell, filed February 28, 1870, shows the whole of said minor's estate to be in money; said guardian makes the same showing in August, 1873, and January, 1877, by exhibits, the latter reciting: "There is yet some uncollected interest due said ward." I respectfully submit that by the law and the facts the judgment of the District Court should be reversed, and this honorable court is asked to render a judgment in favor of appellant in accordance with his prayer.

*J. M. Crasson,* for appellee.—It is not essential to a will that it adopt any precise form of words. Language showing intention is sufficient. (1 Red. Law of Wills, secs. 11, 12, 13; 1 Mad. Ch., p. 554; Busby *v.* Lynn, 37 Tex., 150, 151; Ferguson *v.* Ferguson, 27 Tex., 342.)

The intention of the testator, if not inconsistent with the law, shall prevail. (Philleo *v.* Holliday, 24 Tex., 41; Bell County *v.* Alexander, 22 Tex., 357; Red. Cas. on Wills, 540, 545.)

Shotwell was a legatee of the testator to the amount of his debt at the time of the probate of the will, save the interest thereon. (Bullard *v.* Thompson, 35 Tex., 316.)

And the will took the debt out of the statute of limitations. (Bullard *v.* Thompson, *supra,* 320.)

It is not indispensable that the persons should be described by their names. (2 Story's Eq., sec. 1071; Paul *v.* Ball, 31

Tex., 20; Dial *v.* Dial, 21 Tex., 534; Campbell *v.* Rawdon, 18 N. Y., 412; Downing *v.* Marshall, 23 N. Y., 366.)

A devise to counties, not naming them, held good. (Bell County *v.* Alexander, 22 Tex., 350; Goodinge *v.* Goodinge, 1 Ves., 231; 1 Red. on Wills, secs. 12, 19, note 23, pp. 488, 386.)

The right to describe a legatee by class, instead of naming him, was never questioned. The persons may be ascertained by resort to extraneous evidence. (1 Red. on Wills, sec. 4, p. 274.)

It is competent to treat language descriptive of classes as descriptive of the individuals constituting the class. (1 Red. on Wills, sec. 25, p. 437.)

A court can know the class, but individual designation is left to the trustee. (Red. Cas. on Wills, 582.)

Parol evidence may be received to identify the person or thing. (Red. Cas. on Wills, 540, 544.)

The testator will provide the method, viz.: "By affidavit to the claim." (Trustees *v.* Peaslee, 15 N. H., 317; Red. Cas. on Wills, 546, 547.)

The will took the debt out of the statute. Whatever defense the executor can set up at the suit of any other legatee, can be set up in this case, and no other. (Bullard *v.* Thompson, *supra.*)

In Moore *v.* Hardison, 10 Tex., 473, (the strongest case for appellant,) there was no such clause in the will as in this case; therefore the ruling of the court in that case was correct.

In this case the executor's powers were conferred by the Laws of the 12th Legislature, secs. 158–160, p. 163, and are in nowise controlled by secs. 155–157.

MOORE, CHIEF JUSTICE.—This suit was instituted April 9, 1877, in the District Court of Polk county, by Singleton Campbell, administrator *de bonis non* of Nathaniel Bailey, deceased, against J. H. Shotwell, executor of W. H. Shotwell, deceased, to cancel, annul, and set aside the approval by said court as

a valid claim against the estate of said Bailey of a note purporting to have been given by said Bailey on the 1st of January, 1870, for the sum of $439.35, payable one day after date to W. H. Shotwell or bearer, guardian of Frank Harrell, minor heir of F. M. and S. D. Harrell, deceased, upon which a credit of $22.37 was indorsed previous to its presentation to said court.

It is alleged by appellant in his petition, and shown by the evidence, that Bailey died in the year 1874, leaving a last will, in which appellee's testator, W. H. Shotwell, and A. T. Watts were named as his executors; that said will was admitted to probate by the District Court of Polk county at its October Term, 1874; and thereupon, said Watts having renounced said trust, said W. H. Shotwell, on giving bond and taking the oath required by law, received letters testamentary, in pursuance of the provisions of said will.

On the 10th of May, 1875, the executor (W. H. Shotwell) made affidavit before the clerk of the District Court of Polk county, to the effect that said note -- the same described in appellant's petition -- was just; that nothing had been paid towards the satisfaction thereof except the sum of $22.35 entered as a credit thereon; that there were no counter-claims known to affiant, and that the amount claimed was justly due the affiant, as guardian of Frank Harrell. It further appears that, on the 19th of June, 1875, said note and affidavit were presented to the District Court for its approval as a valid claim against the estate of Bailey, and that said note was thereupon approved by the court, and ordered to be paid in due course of administration as a claim of the sixth class.

It is apparent from the above statement that the note had been due more than four years prior to Bailey's death; and this seems to be the sole ground of objection now urged against its validity by appellant as a claim against said estate, and the ground upon which he seeks to have its allowance and approval set aside and annulled. But the mere fact that

a claim against an estate appears on its face to have been barred by limitation when it was allowed by the administrator and approved by the court, has more than once been held not, of itself, sufficient to warrant the court in cancelling and annulling its approval. (Mosely *v.* Gray, 23 Tex., 496; Hillebrant *v.* Burton, 17 Tex., 138; Eccles *v.* Daniels, 10 Tex., 136.)

But even if it was admitted that the doctrine asserted by appellant is, as a general rule, correct, the facts in this case would beyond doubt require that it should be held to be an exception to the rule, or to show that this rule invoked by appellant has no application to the case. That this is so, we think, is a necessary deduction from Bailey's will, which we here quote:

"I direct my executors, hereinafter named, to pay off and discharge all my lawful and just debts as soon after my death as practicable; directing my said executors to require all claims against my estate to be supported by affidavit, and to disregard the statute of limitations as to the principal, but not as to the interest upon such indebtedness."

Now, it may be admitted to be true that this language is not equivalent to that required in the statute to take a debt, upon which an action is brought, out of the bar of the statute; but that is not the question before us. We are not called upon to decide whether such a declaration as this can be regarded as a new promise which will take a cause out of the bar of the statute, or would support an action if suit had been brought against Bailey in his lifetime on the note here in question. Admit that it would not; still the question recurs, Was it not admissible for the testator to empower his executors to pay debts against him although barred, without taking them out of the bar by a new promise within the terms of the statute? There can, we think, be no question but that it is. A debtor may avail himself of the statute of limitations or not, as his sense of right dictates; and certainly he may, if he sees proper, direct his executor, to whose discretion he has—

as here — intrusted the settlement of his estate, to do the same.

The cardinal principle in the construction of wills, beyond question, is to ascertain the intention of the testator, and give to them such construction, if it may be done, as will effectuate this intention. The intention here is obvious. It was clearly the wish of the testator that his executors should require that the verity and justness of all claims against his estate should be established by the affidavit of the claimant, or other competent party, before their allowance. When thus established, if the executor had no sufficient reason to doubt the genuineness of a claim or to suppose that it had been discharged, he should, although it was barred by limitations, pay the principal of the debt, but not the interest. Certainly it would be necessary to show that there had been a clear and palpable abuse of the discretion intrusted to the executor, and an improper approval of the claim by the court, to call for the interference of the court or warrant its cancelling such allowance and approval, — if, indeed, the court had authority to approve or disapprove the recognition and allowance of a claim by an executor authorized to settle an estate without the supervision and control of the court, as was the fact in regard to this estate. But as no question of this sort has been raised or suggested by the parties, we are not called upon to consider it. If the court had no jurisdiction or control over the estate while in the hands of the executor under the will, and the approval of the claim sought to be set aside by appellant should be held to be of no force or effect, no injury has resulted to the estate from the judgment appealed from. On the other hand, if the action of the court approving the claim entitles it to be ranked as a valid claim against the estate, appellant has failed to show that the court erred in refusing to cancel and annul its approval.

There is, therefore, no error in the judgment of which appellant can complain, and it must be affirmed.

AFFIRMED.