# JULY, 1939

HELEN LIDELLE JONES ET AL V. G. A. WYNNE ET AL.

No. 7277. Decided June 7, 1939.
Rehearing overruled July 5, 1939.
(129 S. W., 2d Series, 279.)

*J. S. Bracewell* and *C. A. Leddy,* both of Houston, for plaintiffs in error.

The court erred in sustaining defendant's general demurrer and in dismissing plaintiff's petition and in holding that the district court did not have the power to review by certiorari the act of the probate court in approving a claim against the estate of Helen M. Jones, even though it was shown that the claim was a nullity and to permit the same to stand would work a serious injury to the estate. Since the probate court did not have jurisdiction of the claim in question as a matter of fact, or if there were valuable rights to adjust between the estate and the administrator, certiorari was the appropriate remedy to persons interested in the estate to establish such want of jurisdiction and annul the approval of the claim. Miers v. Betterton, 45 S. W. 430; Williams v. Steel, 108 S. W. 156; Commercial Casualty Ins. Co. v. Hilton, 126 Texas 497, 87 S. W. (2d) 1081.

*Walter H. Walne, Baker, Botts, Andrews & Wharton,* all of Houston, and *Dean & Humphrey,* of Huntsville, for defendants in error.

The district court had no jurisdiction or authority to grant a writ of certiorari to review the action of the probate court in approving the claim in question against the estate, and it was not error for that court to sustain the general demurrer and dismiss the cause. Newson v. Chrisman, 9 Texas 113; Lott

v. Cloud, 23 Texas 254; Logan v. Gay, 99 Texas 603, 90 S. W. 861.

MR. JUDGE TAYLOR delivered the opinion of the Commission of Appeals; Section B.

The children and heirs at law of Helen M. Jones, deceased, filed in the district court a petition in which G. A. Wynne and J. B. Jones, the surviving husband of Mrs. Jones and father of her children, were named as defendants. Plaintiffs sought by the petition to review by certiorari in the district court the action of the probate court in *approving the claim* of Wynne, which was allowed by Jones as administrator against the estate of Mrs. Jones for the amount of three notes signed by her aggregating $16,386.00. The district court sustained a general demurrer to the petition and dismissed the writ of certiorari as having been improvidently granted. The Court of Civil Appeals affirmed the judgment. 104 S. W. (2d) 141. Application for writ of error was granted upon the application of the children of Mrs. Jones, who will be designated here as plaintiffs. Wynne and Jones, defendants in error, will be designated as defendants when referred to collectively.

Two questions are presented: (a) whether the district court is authorized to review by certiorari the action of the probate court in approving the claim in question; and (b) whether, in event the remedy by certiorari does not lie, plaintiffs' petition filed in the district court states a good cause of action as an original suit in that court.

The questions will be considered in the order stated.

Plaintiffs contend that the district court has jurisdiction to review by certiorari the action of the probate court in approving the claim in question under the provisions of Article 932 R. C. S. 1925. The article reads:

"Art. 932. Any person interested in the estate of a decedent or ward may have the proceedings of the county court therein revised and corrected at any time within two years after such proceedings were had, and not afterwards. Persons non compos mentis, infants and femes coverts shall have two years after the removal of their respective disabilities within which to apply for such revision and correction."

The foregoing article is not incorporated in either of the titles of the statutes which deal exclusively with probate proceedings and make provision for review of such proceedings

exclusively, but is found in the title (27) which deals with the general subject of certiorari to the county and justice courts. It will be noted that it does not purport to provide a method of review for any special action of the probate court.

Defendants contend that the Legislature in providing in Article 3525 R. C. S. 1925 for review by direct appeal of the *special action* of the court in approving or disapproving a claim, intended to make such method of appeal the exclusive remedy. That article reads:

"Art. 3525. The action of the court in approving or disapproving a claim shall have the force and effect of a final judgment, and when the claimants, or any person interested in the estate, shall be dissatisfied with such action, he may appeal therefrom to the district court, as from other judgments of the county court rendered in probate matters."

The same respective contentions were made by the parties in Dunaway v. Ester, 119 S. W. (2d) 421, now pending in this Court. (See this volume, p. 309, 129 S. W. (2d) 286.) The Court of Civil Appeals in that case concluded that the district court was authorized to review by certiorari the action of the probate court in approving the claim against the decedent's estate there involved, citing as the leading authority in support of its holding the majority opinion in Puckett v. McCall, 30 Texas 457. Plaintiffs in the present case also cite this opinion as the leading authority in support of their similar contention.

We think it would profit little toward deciding the question under consideration to discuss the Puckett case, even if it sustained the proposition to which it is cited, which we need not decide. It arose prior to the adoption of the Constitution of 1876. It appears to have been settled by the decisons under the Constitution of 1845 and the statutes enacted pursuant thereto, that while orders generally of the probate court could be revised by both direct appeal and certiorari, as well as by bill of review, the *special action* of the court in *approving a claim* was not "such an order or decree or proceeding in the county court as could be appealed from or revised upon certiorari by the district court." It appears to have been the most generally accepted view that such could be set aside only by an original proceeding commenced in the district court for that purpose. Heffner, Adm. v. Brander et al., 23 Texas 631; Neill v. Hodge, 5 Texas 487; Taliaferro v. Hubbel, 6 Texas 166; Jones v. Underwood, 11 Texas 116; Moore v. Hillebrant, 14

Texas 312, 65 Am. Dec. 118; Eccles v. Daniels, 16 Texas 136; Hillebrant v. Burton, 17 Texas 138; Lott v. Cloud, 23 Texas 254; Moseley v. Gray, 23 Texas 496; Giddings v. Steel, 28 Texas 732, 91 Am. Dec. 336; Howard v. Johnson, 69 Texas 655, 7 S. W. 522.

However that may be, the Constitution of 1876 and the statutes passed pursuant thereto have made changes with respect to the probate procedure. Const. of 1876, Art. V, secs. 8 and 16. Such statutes having been four times codified and subdivided into titles more or less complete within themselves, dealing with, among other subjects, that of the review of the proceedings of the probate court in transacting "all of the business appertaining to the estates of deceased persons, minors," etc. Title 54 of the present (1925) codification deals with the subject of "estates of decedents" and title 69 with that of "guardian and ward." It is pertinent, we think, to point out in the present codification the identity in content and meaning of the corresponding statutes in the two titles which provide the methods of review of the proceedings relating to the two subjects respectively, especially since such identity appears to have obtained in all of the revisions of the statutes, including the first in 1879, and since this Court in De Cordova v. Rogers, 97 Texas 60, 75 S. W. 16, which construes the statutes bearing upon the proper method to review the action of the probate court in approving the guardianship claims there in question, is deemed controlling here. It is cited by the Court of Civil Appeals in the present case and is relied upon by defendants, as the leading authority in support of its holding that the district court was not authorized to review by certiorari the action of the probate court in approving Wynne's claim against the estate of Mrs. Jones.

The identity of the corresponding statutes in the present codification will now be shown by a brief summarization of those deemed pertinent.

Article 3698 relating to proceedings had with respect to estates of decedents, provides that any person who may consider himself aggrieved by any decision, order, decree or judgment of the county court, shall have the right to review same by direct appeal therefrom to the district court upon complying with the provisions stipulated.

Review of *orders* generally in guardianship proceedings by both bill of review and certiorari, respectively, is provided for by Article 4328, referred to in the De Cordova case and hereinafter quoted, and Article 4329 which provides that any person interested may also have any decision, order or judgment of

the county court revised by writ of certiorari from the district court "under the same rules and regulations as are provided in estates of decedents."

The above summary discloses the respective provisions made by the corresponding statutes dealing with the methods of review of orders generally of the probate court provided thereby respectively. Article 932, supra, adds nothing to provisions summarized so far as the present proceeding is concerned.

Review of the *special action* of the probate court in approving or disapproving a claim in proceedings relating to estates of decedents is made by Article 3525 quoted above. Review of such specific action of the court in guardianship proceedings is provided for in Article 4250 and 4252 which read:

"Art. 4250. * * * Such order of approval or disapproval shall have the force and effect of a judgment."

"Art. 4252. When a claimant or any person interested in a ward shall be dissatisfied with the action of the court in approving or disapproving a claim in whole or in part, he may appeal therefrom to the district court, as in other cases."

The identity in content and meaning of Article 3525, and Articles 4250 and 4252 combined, is obvious, as well as that in the corresponding statutes providing for review of orders generally in probate proceedings.

The review sought to be had in the De Cordova case was by bill of review as provided by Article 4328 for review of orders generally of the probate court in guardianship matters, the question involved being with respect to the correctness of the method there followed in reviewing the action of the court in approving certain guardianship claims. The article referred to reads:

"Art. 4328. Any person interested may, by a bill of review, filed in the court in which the proceedings were had, have any decision, order or judgment rendered by such court, or by the judge thereof, revised and corrected on showing error therein. But no process or action under such decision, order or judgment shall be stayed except by writ of injunction."

It will be observed preliminary to quoting from the De Cordova case that provision is made by Article 4318 for review by *direct appeal* also of *proceedings generally* in the probate court in *guardianship matters,* and that similar provision is made by Article 3698 for review of such *general proceedings*

relating to the *estates of decedents*. It will be observed also that just as in the chapter (18) of the title (54) of the statutes dealing with claims against the *estates of deceased persons* provision is made by Article 3525 for review by direct appeal from the *specific action* of the probate court in approving such claims, so in the chapter (11) of the title (69) dealing with the subject of guardian and ward similar provision is made by Article 4250 and 4252 for the same method of review of similar action of the court with respect to claims against the estates of wards.

Chief Justice Gaines speaking for the Court in the De Cordova case (substituting here the article numbers of the 1925 codification for those of the 1879 codification) says:

"But even if it should be held, that the article (4328) is subject to no exceptions growing out of the nature of the order to be reviewed, we are of opinion that the provision of the statutes in reference to the allowance of claims conflicts with it and makes an exception. Articles 4250 and 4252 declare: 'Article 4250. The order of approval or disapproval of a claim has the force and effect of a judgment. Article 4252. When a claimant or any person interested in a ward shall be dissatisfied with the action of the court in approving or disapproving a claim in whole or in part, he may appeal therefrom to the district court as in the case of any other judgment rendered by said court.' Now it seems to us that the mention of one remedy for the correction of the judgment excludes all others. Article 4318 gives to 'any person who may consider himself aggrieved by any decision, order or judgment of the court, or by any order of the judgment thereof,' the right of appeal to the district court without bond. This is as general as the article which allows a bill of review. A right to a certiorari is given in terms equally broad. Rev. Stats. Art. 4329. Now if article 4328 gives the right to revise by a bill of review an order approving or disapproving a claim, or if article 4329 allows a writ of certiorari for the same purpose, it is clear that under article 4318 there would have been a right of appeal from such order and the provisions in article 4252, which specially provide for an appeal, was wholly unnecessary. Therefore we are of opinion that the Legislature considered that neither articles 4318, 4328 or 4329 authorized the revision of the *order of approval or disapproval of a claim* by the several procedures therein mentioned, and that their intentions as manifested by article 4252 was to give *the right of appeal only*." (Italics ours.)

"If it be urged that it is unjust to a minor not to have an opportunity to contest a claim after the removal of the disability, the answer is, that the establishment of a claim as a finality is necessary to the interest of the minor and to the administration of the estate. Who would extend credit to a guardian for the support, education or for other necessaries of a minor if after the claim was established in the county court, its action was subject to be reviewed at some remote period? Besides, the right to a bill of review is given to 'any person interested' in the decision of the court. Therefore if article 4318 applies to the approval or disapproval of a claim, a claimant whose claim had been disapproved could bring a bill of review at any time within four years after the order was made. We do not think this was contemplated by the Legislature."

Recent cases following the De Cordova case are Jones v. Williams, 14 S. W. (2d) 300; Bolton v. Baldwin, 57 S. W. (2d) 957 and Jones v. Silverman et al., 84 S. W. (2d) 1013.

■ We agree with the Court of Civil Appeals in the present case that the Legislature in expressly providing in Article 3525 for an appeal to the district court intended to make this method of review of the *special action* of the probate court in approving or disapproving a claim against the estate of a decedent, an exclusive appellate remedy. The reasons assigned for holding that Article 4252 provides an exclusive method of a review of such action with respect to the estate of a ward, apply with equal force in determining that Article 3525 provides the same exclusive method of review of similar action with respect to the estate of a decedent. The contentions of plaintiffs as to the first question are therefore overruled.

The second question, in view of the holding that the remedy of review by certiorari sought by plaintiffs did not lie, is whether their petition for certiorari filed in the district court states a good cause of action as an original suit.

■ The filing of the petition in question was not intended by plaintiffs as the beginning of an original action whereby the respective rights of the parties with reference to the claim approved by the probate court would be determined, but was intended as a continuation to final adjudication in the appellate courts of the action of the probate court in approving the claim. Furthermore, there was no basis at the time the petition for review was filed for the filing of an original suit unless the probate court's action was wholly void. Had the claim

been *rejected* by the administrator and an original suit had been filed within ninety days thereafter, the jurisdiction of the district court to have entertained such a suit would be beyond question. Art. 3522; Western Mtg. Inv. Co. v. Jackman, 77 Texas 622, 14 S. W. 305.

The parties which plaintiffs now seek to have considered as parties in an original action are the same parties that were before the probate court in the proceeding that the petition prays to have reviewed by certiorari, and it is alleged by the petition that plaintiffs "and defendants (Wynne and J. B. Jones individually and as administrator) are the only parties interested in said estate." A review could have been had by direct appeal as provided by Article 3525, supra. That article provides not only that the action of the probate court in approving a claim "shall have the force and effect of a final judgment" but also that when any person interested in the estate shall be dissatisfied with such action, "he may appeal therefrom to the district court, *as from other judgments of the county court rendered in probate matters.*" (Italics ours). The method of appeal indicated is provided in the final chapter (30) of the present statutes of title (54) dealing with the general subject of estates of decedents, which final chapter deals specifically with the subject of "appeals" from such proceedings "to the district court." The first article of the chapter (3698) provides that "any person who may consider himself aggrieved by any decision, order, decree or judgment of the county court shall have the right to appeal therefrom to the district court of the county *upon complying with the provisions of this chapter; * * *.*" (Italics ours.) The succeeding Article (3699) provides for the making of bond within fifteen days after such decision, order or decree. The remaining articles of the chapter relate to the process of appeal, including the prescribed procedure for transmitting to the probate court for observance a certified copy of the final judgment.

The petition for certiorari shows that J. B. Jones was duly appointed administrator of the estate of Mrs. Jones and that the claim was regularly presented to him as such with proper supporting affidavit; that the claim was allowed by the administrator as a secured claim against the estate and was approved as such by the county court. It is stipulated by the parties in an agreement filed in the district court that the proceedings in the probate court in approving the claim are regular. The validity only of such proceedings is questioned.

It thus appears, as stated in Simmons v. Arnim, 110 Texas 309, 220 S. W. 66, that "the question is, therefore, simply

whether the court (probate) had the power to render such judgment; not whether, having the power, it rendered an erroneous judgment."

The pertinent allegations of the claim are substantially that on February 1, 1939, J. B. Jones, Helen M. Jones and J. B. Jones, Jr., executed to G. A. Wynne, the claimant, their two joint promissory notes, No. 1 for $6320.00 and No. 2 for the sum of $977.00; that they obligated the makers jointly and severally to pay same; that to secure their payment J. B. Jones, Sr., and Helen M. Jones, his wife, jointly executed a deed of trust to the claimant on 1920 acres of land in the Seaburn A. Mills Survey of Walker County, the separate property of Mrs. Jones; that the deed of trust provides it is to secure future indebtedness as well as that already accrued; that on the same date notes Nos. 1 and 2 were executed Jones and wife executed to the claimant their note No. 3 also for $4266.66, which provides that it is secured by a deed of trust on the 1920 acres of the Seaburn A. Mills Survey; that the deed of trust securing the payment of notes Nos. 1 and 2 provides that Jones and wife will pay all taxes due on the land and that amounts paid for such purposes were secured in like manner as the other indebtedness; also that J. B. Jones and J. B. Jones, Jr., were insolvent and that the claimant was under the necessity of resorting to the estate of Mrs. Jones and to the lien and property covered thereby, which lien covered her separate property; also that on January 23, 1932, and on other dates prior thereto, the claimant had paid delinquent taxes on the Seaburn A. Mills Survey in the net amount of $841.53, after collecting from Gibbs Bros. & Company certain refunds thereon, and that said payment was made under the authorization of the county judge by order duly made and entered in administration proceedings. Claimant prayed that his claim be allowed by the administrator as a secured claim and that it be approved and classified by the probate court as such; that the property described be decreed to be subject to the lien and sold *as might thereafter be ordered by the probate court* for the purpose of paying the entire indebtedness of the claimant as set forth in his claim; that the proceeds of the sale be applied to the payment of the indebtedness and if more than enough to pay said indebtedness, that the balance thereof *be paid over to the administrator of the estate,* and if insufficient to pay the claim in full that the balance thereof should be allowed and classified as an unsecured claim. (Italics ours). The supporting affidavit recites substantially that the estate of the deceased is indebted to him in the sum of

$14,973.00, together with interest; that all lawful offsets, payments and credits known to affiant had been allowed and that there remained then due the total amount of $16,386.15 as shown by the allegations of the claim.

The order made by the county judge in approving the claim reads in part:

"* * * perceiving no error therein and the same having been on file and entered upon the claim docket in the office of the county clerk of Walker County, Texas, for the length of time required by law, and there being no objection thereto, I do hereby approve the allowance of said claim as a valid and subsisting secured claim for the full amount of $16,386.15 * * * and I do hereby approve said claim as secured by valid lien upon the said Seaburn A. Mills 1920 acre survey of land * * *."

■ Unless the order approving the claim was wholly void it carried with it the force and effect of a final judgment (Art. 3525, supra) and plaintiffs' petition (granting for present purposes only that it may be considered as the beginning of an original action) constitutes a collateral attack thereon. Murchison v. White, 54 Texas 83; State Mtge. Corp. et al v. Ludwig et al., 121 Texas 268, 48 S. W. (2d) 950; Id. 35 S. W. (2d) 267; Dallas Joint Stock Land Bank v. Forsyth, 130 Texas 563, 112 S. W. (2d) 173.

Plaintiffs in their application for writ of error summarize as follows the grounds of their petition for certiorari upon which they contend they were entitled to annul the order approving the claim:

"1. That their mother being a surety on said note and the liability of the estate contingent and the claim being only for a lien with no personal liability the probate court was without power or authority to approve the claim as a money demand against their mother's estate.

"2. That their father was adversely interested in said claim and without power or authority to approve the same as a claim against their mother's estate.

"3. That there was no proof of insolvency on the part of J. B. Jones, Sr. and J. B. Jones, Jr. and said parties were in fact solvent, and that the equities should be first adjudicated and execution issued first against J. B. Jones, Sr. and J. B. Jones, Jr."

■ This is not a case involving "controversies and issues over which, and between parties over whom, the probate court did

not have jurisdiction," as did Gregory v. Ward, 118 Texas 526, 18 S. W. (2d) 1049. The probate court found that the estate of Mrs. Jones was liable for the full amount of the claim, and it does not appear that there were any items for which Mrs. Jones could not have been personally liable, or that any of the items were such that they could not be approved as a money demand against her estate. If the probate court incorrectly determined the question of her liability, the order of approval was erroneous only and not void. Leake v. Sanders et al (Com. App.), 126 Texas 69, 84 S. W. (2d) 993, and authorities there cited; Cameron v. Morris, 83 Texas 14, 18 S. W. 422; Speer's Law of Marital Rights, 3d. ed. secs. 578-9; Id. sec. 211. Dallas Joint Stock Land Bank v. Forsyth, supra. As stated in the case last cited, "Stated otherwise, a contingency could have existed that would have made the claim a valid one, admitting all the Court of Civil Appeals held to be correct. The claim therefore being one that could have been supported by proof that made it valid, what right has a district court to go back of the judgment and again litigate what is conclusively presumed to have been settled, and which we hold was settled by the orders of the probate court of Dallas County." Plaintiffs had their remedy of review by direct appeal in the event the order approving the claim was erroneous.

■ We know of no reason why the probate court was without power to determine whether under the facts the father (the administrator) was adversely interested in the claim. Nor do we know of any reason why the question of the primary liability of the parties could not be determined by the probate court. Plaintiffs being in court, had notice of the proceeding. Murchison v. White, 54 Texas 83; Crawford v. McDonald, 88 Texas 626, 33 S. W. 325. In fact it is not contended there was no notice.

Plaintiffs cite the case of Hume v. Perry, 136 S. W. 594, as holding that where a decedent has a secondary liability on a note the district court is the proper forum in which to file suit and that the presentation of the claim to the administration prior to filing suit against the party primarily liable, is a nullity. In that case, however, the Court of Civil Appeals held, with respect to the question of insolvency, that *in the absence of a contrary showing* it would be presumed that the principal was solvent. In the present case the order in question carries with it a finding of insolvency which eliminates the question of jurisdiction to determine liability of a surety, unless, of course,

such finding is beyond the power of the court. We see no reason why, with the parties before the court it could not so find. The Hume case does not support the contention of plaintiffs that the probate court was without such power. The application for writ of error in that case discloses that the administrator refused to approve the claim and that the original suit thereon was not filed in the district court within the ninety days provided by statute. Art. 3522, R. C. S. 1925. The Court in granting the writ made the following notation: "Granted for probable error in not sustaining Mrs. Hume's (the administratrix) general demurrer to plaintiff's petition, since it showed (on) its face that claim was presented and rejected more than ninety days before suit was filed." The record in the office of the clerk of this Court shows that after the writ was granted and before the cause was submitted it was settled by agreement of the parties and dismissed.

The case of Laubhan v. Peoria Life Insurance Company (Com. App.), 129 Texas 225, 102 S. W. (2d) 399 relied upon by plaintiffs is not in point in that in that case it was "necessary to adjust equities between the homestead and other lands involved." It also involved issues of estoppel with respect to the validity of a lien against a homestead.

■ The sole remedy of review by direct appeal not having been followed by plaintiffs in the present case and an interim of two years (lacking one day) having elapsed at the time their petition for certiorari was filed, the order approving the claim became final and carried with it the force and effect of a final judgment.

The judgment of the Court of Civil Appeals affirming the judgment of the trial court, is affirmed.

Opinion adopted by the Supreme Court June 7, 1939.

Rehearing overruled July 5, 1939.