**McELROY et al. v. McGINNEY.**

No. 2990.

Court of Civil Appeals of Texas. Waco.

Jan. 10, 1952.

Rehearing Denied Feb. 7, 1952.

Thomas K. McElroy, Findlay, Ohio, Uriel E. Dutton, Victoria, for appellants.

L. F. Sanders, Canton, Wynne & Wynne, Wills Point, for appellee.

TIREY, Justice.

This cause (non-jury) involves a probate matter. The appellant, one of the distributees of the estate of S. E. Cox, deceased, sought in the County Court of Van Zandt County, Texas, to have set aside and held for naught an order of that court approving a claim against such estate filed by the appellee, Mrs. Sibyl Cox McGinney, the administratrix of said estate. Appellant alleged that the claim had not been approved or classified by the County Court and is therefore not valid. The County Court held that such claim had been approved at a prior term and that no appeal had been taken from the approval and that by reason thereof it did not have jurisdiction to hear or entertain the motion of appellant to set the order aside. Appellant seasonably appealed to the District Court of said county and a similar order was entered by the District Court and appellant perfected her appeal to the Court of Civil Appeals, Fifth Supreme Judicial District at Dallas, and the cause was transferred by that court to our court by order of the Supreme Court.

Points 1 and 2 assail the judgment substantially on the ground that the District Court erred (1) in holding that the County Court did not have jurisdiction to entertain appellants' motion to set aside the approval of the claim, and (2) in holding that the claim of Mrs. McGinney had been approved by the County Court.

There is no Statement of Facts. Upon the trial of the cause appellee asked that the orders of the County Court concerning this estate be tendered in evidence and the

court permitted this to be done and there are many orders and instruments shown in the transcript from the County Court of Van Zandt County. Appellants asked for findings of fact and conclusions of law and the court found:

"I find that at all times pertinent herein Sibyl Cox McGinney was the duly appointed and qualified administratrix of the estate of S. E. Cox, deceased.

"I find that Sibyl Cox McGinney, in due manner and form, presented and had approved her account against the estate of S. E. Cox, deceased, and that by several orders necessary in the probate court the court approved such account by orders entered on the probate record.

"I find that no appeal was taken from the final judgment of the court approving the claim of Sibyl Cox McGinney.

"I find that the time for an appeal from the judgment of the court approving the claim has long since expired. * * *

"I conclude that the judgment and orders of the probate court approving the claim of Sibyl Cox McGinney was final and was not void in any respect and since no appeal was taken from it in the manner and form required by law that the probate court was without jurisdiction to hear and determine this proposed proceeding and was correct in refusing to take cognizance of it and that the appeal herein should be dismissed for want of jurisdiction."

Thereafter appellants asked for additional findings of fact and the trial court prepared and filed same. They are:

"(1) The claim docket of the probate court nor the classification of claims were introduced in evidence and were not before the court, but the court finds that since the claim was approved the classification was immaterial. (2) The record reflects that the claim of Sibyl McGinney was before the court on numerous occasions, as shown by the various orders. (3) The claim docket was not introduced in evidence and was not before the court, and it is impossible for the court to find whether the claim of Sibyl McGinney was entered upon the claim docket, but the court does find that the claim was presented to the probate court and approved by it by judgment duly entered. (4) The probate docket was not before the court, but there is a judgment entry approving the claim of Sibyl McGinney and ordering the same paid. (5) The requested finding that the minutes of the county court could reflect that a hearing was ever had by the county court upon the claim of Sibyl McGinney does not comport with the facts in that this court has found, and the records reflect that there are in the minutes of the county court orders, judgments and decrees approving the claim of Sibyl Cox McGinney, ordering the same paid. (6) There are no other approved unpaid claims against this estate, for the reason that Sibyl Cox McGinney paid all claims from her separate funds."

█ "The rule is well settled that the judgment of the trial court will not be set aside if there is any evidence of a probative nature to support it and that a court of civil appeals cannot substitute its findings of fact for those of the trial court if there is any evidence in the record to sustain the trial court's findings." See Cavanaugh, v. Davis, Tex.Sup., 235 S.W.2d 972, 977; Woodward v. Ortiz, Tex.Sup., 237 S.W. 2d 286. See also cases collated under 4 Texas Digest, Appeal and Error, ⚌1010 (1).

█ Under the above authorities it is our duty to examine the various orders from the County Court of Van Zandt County tendered in evidence and shown in the transcript to determine whether there was any evidence of probative value to support the findings of the trial court. This we have carefully done and find that the evidence is sufficient to support the findings of the trial judge. Since the evidence is sufficient to support the findings of fact of the trial court to the effect that the claim in favor of Mrs. McGinney had been filed and approved by judgment duly entered by the County Court of Van Zandt County and there had been no appeal therefrom, such order of the County Court became a final judgment, See Jones v. Wynne, 133 Tex. 436, 129 S.W.2d 279,

and the other questions presented in appellants' brief pass out of the case.

The judgment of the trial court is affirmed.

LESTER, C. J., took no part in the consideration and disposition of this case.