In re GUARDIANSHIP OF Jonell HAIR, N.C.M.

No. 7759.

Court of Civil Appeals of Texas, Beaumont.

April 1, 1976.
Rehearing Denied May 13, 1976.

Richard R. Morrison, III, Liberty, for appellant.

C. Bruce Stratton, Liberty, for appellee.

KEITH, Justice.

Intervenors appeal from an unfavorable order entered by the constitutional county court of Liberty County sitting in probate. Our appellants, a firm of lawyers, performed many and divers services for the ward and her estate, including the successful disposition of a murder case. After the conclusion of their services, their claim was submitted by the guardian of the person and estate to and was duly approved by the county judge by an order dated July 1, 1974. After the allowance and approval of the claim by the court, the guardian paid the attorneys the amount allowed by the court: $37,943.93 for their services. No appeal was taken from the order approving the payment of this claim.

Thereafter, the guardian filed her final account wherein she showed, *inter alia,* the payment to the attorneys as noted above. The new county judge refused to approve the final account unless there was a substantial reduction in the amount of such fees, suggesting that the intervenors should remit the sum of $30,443.73 into the registry of the court.

Intervenors, challenging the jurisdiction of the county judge to enter such an order of remittitur, declined to make the suggested payment and appealed from the order requiring such payment. There has been no challenge of our jurisdiction and we proceed to a determination of the questions presented by the briefs of the parties.

■ Intervenors followed implicitly the provisions of Tex.Prob.Code Ann. § 312(d) in procuring the approval and payment of their claim; thus, the approval of the claim by the county judge had the "force and effect of [a] final judgments." Probate Code § 312(d). The allowance of the claim could be reviewed only by appeal. *De Cordova v. Rogers,* 97 Tex. 60, 75 S.W. 16, 19 (1903). Tex.Prob.Code Ann. § 312(e) provides an exclusive remedy in this type of claim. 18 M. Woodward & E. Smith Texas Practice, Probate and Decedents' Estates, § 928, p. 265 (1971). See also, *Jones v. Wynne,* 133 Tex. 436, 129 S.W.2d 279, 283 (1939).

The constitutional county court having approved intervenor's claim on July 1, 1974, its judgment became final thirty days thereafter. Tex.R.Civ.P. 329b. And, as stated in the text cited earlier (18 Texas Practice § 927), "It [the order approving the claim] is immune to collateral attack on evidence outside the record and is governed by the usual presumptions in favor of the validity of judgments of the probate court."

■ But appellee contends that the order approving the claim was void since it was "in direct violation of V.A.T.S. Probate Code, § 233," pointing to the fact that the contingent fee contract mentioned in the claim referred to a fifty percent contingent fee while the code reference limits the contingent fee to one-third. We disagree for the reasons now to be stated.

Even if we concede, which we do not, that the order approving the claim was erroneous, it was, nevertheless, a judgment of a court of competent jurisdiction and is safe from a collateral attack. *Lynch v. Baxter,* 4 Tex. 431, 449 (1849). It being an order of the court made in the progress of a rightful administration, touching matters concerning which the court had the right to deliberate and decide, it may not be collaterally impeached because "however erroneous [it] may be, [it is] not void." *Withers v. Patterson,* 27 Tex. 491, 497 (1864).

The order of the probate judge of Liberty County entered in Cause No. 4151 upon the docket of said court on April 2, 1975, insofar as it purports or attempts to modify the claim of attorney's fees approved on July 1, 1974, is here and now vacated, set aside, and henceforth the same shall stand for naught.

It is SO ORDERED.